Joel M. Varndell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Paul W. Brann,* for petitioner.

*Robert E. Kelly,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

*Earl R. Dryer,* Assistant Attorney General, for State Civil Service Commission.

OPINION BY JUDGE WILKINSON, JR., April 8, 1980:

An order of the Pennsylvania State Civil Service Commission (Commission) sustaining the decision of the Department of Public Welfare (Department) to discharge petitioner from his employment as a Mental Retardation Aide I at Selinsgrove Center is the subject of this appeal.

Petitioner was discharged from his position at Selinsgrove Center, an institution operated by the Department, on the charge that on June 23, 1978 petitioner rubbed his hand in a resident's nose and slapped him about the face at least three times without provocation or extenuating circumstances. Petitioner's discharge was effective June 29, 1978. Under Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807, a regular employee in the classified service shall be discharged from employment only for just cause. Upon petitioner's appeal, the Commission held a hearing and on April 28, 1979 entered a Final Adjudication and Order finding just cause for the dismissal and sustaining the termination of petitioner's employment.

It is argued before this Court that (1) petitioner was not sufficiently informed of the charges against him and thereby denied due process, (2) the Commission did not apply the correct legal standard to petitioner's case, and (3) there was not substantial evidence to support the order of the Commission.

The impetus for much of petitioner's argument is the Department's regulations regarding patient abuse in institutions operated by the Department. Those regulations were published in the Pennsylvania Bulletin on October 29, 1977, 7 Pa. B. 3199 *et seq.* (to be codified in 55 Pa. Code §§8488-8489.6) and took effect November 29, 1977. The regulations include rules relating to employees working at the institutions, list the types of behavior which would be considered patient abuse, group abuse into three classes, and detail the personnel actions (including dismissal) to be taken upon a finding of an incident of abuse. Regulation §8489.5.1 defines the categories of abuse, including:

> *Minor Abuse*: Any act or omission which may cause or causes non-serious emotional or physical harm or injury to the patient/resident, where it is reasonable to believe that harm or injury would result.

> *Serious Abuse*: Any action or omission which may cause or causes serious emotional or physical harm or injury, where it is reasonable to believe that harm or injury would result.

According to Regulation §8489.5.4, an employee may be discharged if he commits an act of abuse found to be serious abuse or a pattern of minor abuse.

As to the first issue before this Court, petitioner argues that because he was not specifically notified that an allegation of "serious abuse" was the charge, he was not provided with adequate notice of the charges against him. This Court has stated that in the context of the discharge of a civil service employee,

> due process is satisfied when the notice or removal is framed in a manner which enables the employee to discern the nature of the charges and adequately prepare a defense; the certainty of a bill of indictment is not necessary but the notice must inform the employee with reason-

able certainty the substance of the charges against him.

*Lopez v. Department of Public Welfare,* 43 Pa. Commonwealth Ct. 631, 634, 402 A.2d 1140, 1142 (1979). In the instant case, the letter from the Superintendent of Selinsgrove Center notifying petitioner of his removal from employment stated:

> The reason for your removal is on Friday, June 23, 1978, in the process of having [the] resident . . . sit down, you were observed placing one hand behind the resident's head and the other hand on his forehead while leading him to a chair. You also rubbed [the resident's] nose in a circular fashion with an open hand. Following this you slapped [the resident] in the face at least three times without provocation or extenuating circumstances.

Our review of the record satisfies us that petitioner was given specific and definite notice of the event that was the cause of his dismissal and had ample opportunity to prepare his defense.

The petitioner's second contention is that the Commission erred in not deciding this case under the Department's patient abuse regulations. Our review of the transcript of the hearing before the Commission satisfies us that consideration of the minor/serious patient abuse dichotomy was held. Although it was not in issue, the superintendent at Selinsgrove Center was asked what would be departmental policy on the subject of when striking of a patient would constitute serious abuse. He answered that an employee's striking a patient on the shoulder would be grounds for disciplinary action but not be a cause for concern in terms of serious injury, but that an employee's striking a patient on or about the head would be a cause for concern about serious injury and would constitute serious abuse. Petitioner himself testified that slap-

ping a resident, even if that resident had been abusing another resident, is wrong and that slapping a resident about the face three or four times is a dischargeable offense.[1] This Court has affirmed the Commission's conclusion that the use of excessive force constituted patient abuse and was just cause for removal by the appointing authority. *Ricker v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 329, 300 A.2d 293 (1973).

Finally petitioner argues that the Commission's findings of patient abuse are not supported by substantial evidence. In his testimony petitioner denied slapping the resident. The employee who reported the incident to the personnel officer at Selinsgrove Center testified that he observed petitioner give the resident at least three solid and firm slaps about the resident's head and face. Judging issues of credibility and resolving evidentiary conflicts are functions of the Commission and not of this Court. *Magnelli v. Pa. Liquor Control Board,* 40 Pa. Commonwealth Ct. 432, 397 A.2d 486 (1979). This Court may not weigh the evidence nor substitute its judgment for that of the Commission. *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978).

Accordingly, we will enter the following

ORDER

AND NOW, April 8, 1980, the order of the State Civil Service Commission, in Appeal No. 2503, dated April 24, 1979, sustaining the removal from employment of Joel M. Varndell, is affirmed.

---

[1] Q. So there is no doubt in your mind that slapping a resident about the face three or four times is a dischargeable offense, is that right?

A. Right.

Q. So there is no confusion in your mind that had you slapped Mr. Snyder you should be discharged?

A. There is no confusion, no.