Keith Tomkiel, Appellant *v.* Tredyffrin Township Board of Supervisors, Appellee.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*William H. Mitman, Jr.,* for appellant.

*William H. Lamb, Lamb, Windle & McErlane,* for appellee.

OPINION BY JUDGE CRAIG, February 4, 1982:

Police officer Keith Tomkiel appeals from an order of the Common Pleas Court of Chester County sustaining a six-day suspension imposed upon Officer Tomkiel by the Tredyffrin Township Board of Supervisors (board). The officer now contests only that four-day part of the suspension which was based upon conduct unbecoming a police officer.

The factual history, which is not substantially disputed, involved two occurrences at the home of the parents of a young woman with whom the officer had been sharing an apartment and whom he later married. Following a dispute with the young woman, on the first occasion—one evening while the officer was still on duty—her sister overheard him speak disparagingly to the young woman about her parents, asking ''What have those goddam sons of bitches ever done for you?''

The second occasion was early the following morning when Officer Tomkiel, off-duty and in civilian attire, returned to the home and encountered the young woman's father, with whom the officer had not been on good terms; within the hearing of the young woman's mother, the two men had a substantial argument, with the father making obscene gestures, and the officer directing obscene or vulgar epithets to the father.

The father then filed a formal complaint against the officer. The township board and the court upheld the suspension as a violation of the unbecoming conduct section, §6.31 of the Tredyffrin Township Police Manual, which reads as follows:

Members and employees shall conduct their private and professional lives in such manner as to earn the respect of the community and bring credit to themselves and the Department. They shall exhibit loyalty to the Department and the Board of Supervisors, give assistance and respect to fellow officers, and display courtesy and composure to the public. Failure to obey these standards or the following regulations constitutes conduct unbecoming an officer, and is prohibited by law.

The sole question presented is one of law. In these circumstances, did the officer's billingsgate constitute conduct unbecoming a police officer?

The Supreme Court has defined unbecoming conduct as "any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *In re Zeber's Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). There is no doubt, moreover, that conduct in quite private circumstances, whether off-duty or on-duty, can constitute the foundation for a charge of conduct unbecoming an officer. *Fabio v. Civil Service Commission of the City of Philadelphia,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977), *aff'd,* 489 Pa. 309, 414 A.2d 82 (1980); *Faust v. Police Civil Service Commission of the Borough of State College,* 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975). *Cf., Matter of Dalessandro,* 483 Pa. 431, 397 A.2d 743 (1979).

However, in both *Fabio* and *Faust,* the private conduct, consisting of immoral sexual relationships, clearly had a destructive impact on public respect for the police service as a result of notoriety which developed through rumors and otherwise; moreover, fellow officers were adversely affected.

Here, however, the present record presents nothing more than a familial dispute having no impact upon the public. We cannot justifiably characterize the young woman's father, sister or mother as the "public" in these circumstances, where the father took part in an argument with the officer, and one or both of the other family members were the only persons who overheard the officer's remarks on one occasion, and the argument on the other occasion.

As *Fabio* and *Faust* have held,. there is no constitutional right of privacy. to shield any kind of wrongful conduct which creates disrespect for the public service. Nevertheless, the disciplinary machinery of the public service must avoid intervention in domestic disputes when the absence of any impact upon the public causes the situation to differ in its essential nature—not merely as a matter of degree—from conduct which generates public disrespect.

Accordingly, we affirm the decision of the common pleas court in part, to the extent that the court upheld the suspension for unbecoming conduct toward the officer's sergeant, but we reverse with respect to the charge of conduct unbecoming an officer.

ORDER

Now, February 4, 1982, the order of the Court of Common Pleas of Chester County, at No. 316 May Term, 1979, is affirmed to the extent that it upholds the two-day suspension for wrongful conduct toward other members of the department, but we reverse with respect to the four-day suspension for conduct unbecoming an officer, and we remand with a direction for the credit of back pay with respect to such four days.

Judge PALLADINO did not participate in the decision in this case.