Donald L. Whipple, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and Selinsgrove Center, Respondents.

12

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Michael Balducci,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent, Department of Public Welfare.

OPINION BY JUDGE DOYLE, November 12, 1982:

This is an appeal by Donald L. Whipple (Petitioner) from an order of the Pennsylvania State Civil Service Commission (Commission) affirming a decision by the Department of Public Welfare (Department) to terminate his employment pursuant to Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807. We affirm the order of the Commission.

Petitioner was discharged from his position as a Mental Retardation Aide I at Selinsgrove Center, an institution for the mentally retarded operated by the Department, for striking a profoundly retarded resident of the Center. Petitioner appealed his discharge to the Commission which, after a hearing, affirmed his dismissal.

The scope of our review in this case is limited to whether the Commission's order violates Petitioner's constitutional rights, or is not in accordance with the law, or whether the findings of the Commission are unsupported by substantial evidence in the record. *Corder v. State Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). Petitioner alleges no violation of his constitutional rights, but alleges that the Commission's order is contrary to the provisions of Department regulations and is not supported by substantial competent evidence.

At the hearing before the Commission, Petitioner denied hitting the retarded resident and presented two co-workers who testified they were present at the incident and did not see Petitioner strike anyone. The Department presented two aides who testified that they observed the Petitioner strike the resident several times about the head in an effort to move her over in a "go-mobile," a motorized, train-like vehicle used for recreational purposes at the Center. The Department also presented a psychologist who testified that such physical abuse could have many adverse effects on a retarded patient. The Commission found that the Petitioner had struck the resident on the face and head without provocation and concluded that Petitioner's use of force was excessive and constituted just cause for his discharge.

The Civil Service Act states in pertinent part: "No person in the classified service shall be removed except for just cause." 71 P.S. §741.807. The term "just cause" is not statutorily defined but our cases indicate that the cause for dismissal must be related to the employee's performance of his duties. *Gonzales v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 588, 408 A.2d 893 (1979). The regulations promulgated by the Department distinguishing serious and

minor patient abuse are not controlling on the Commission.[1]

In *Varnell v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 349, 413 A.2d 11 (1980), we reviewed an order by the Commission upholding the dismissal of a Mental Retardation Aide I at Selinsgrove Center for rubbing his hand in a resident's nose and slapping the resident three times about the head without provocation or extenuating circumstances. Judge WILKINSON, writing for the panel in that case, found no error of law in the Commission's conclusion that the conduct was excessive and constituted just cause for dismissal. It was of no import that the Commission had not couched its conclusion in terms of the

---

[1] Petitioner directs us to the Department's personnel regulations dealing with patient abuse. Those regulations in pertinent part provide:

> Any employee found to have committed any act of abuse falling within the following categories shall be disciplined by immediate dismissal.
>
> a. Serious abuse
>
> b. Pattern of minor abuse
>
> c. Any Class Two abuse, when the employe has within the past 12 months been found to have committed the same category of abuse.

7 Pa. B. 3204 (1977). The term "serious abuse" is defined in the regulations as follows: "Any action or omission which may cause or causes serious emotional or physical harm or injury, when it is reasonable to believe that harm or injury would result." *Id.*

These regulations provide internal operating policy and standards for personnel in the treatment and handling of patients and residents. They do not provide the standard according to which the Commission must review an employee dismissal. Therefore, we need not comment on whether the acts of Petitioner constituted "serious abuse" under the regulations. We note only that the Department regulations also state: "Action such as striking or kicking a patient/resident, restraining a patient/resident improperly or without authorization, and other such actions which can be seen as causing physical pain to a patient/resident are strictly forbidden." 7 Pa. B. 3203 (1977).

minor/serious distinction set forth in the Department regulations. In holding that the Commission's findings were supported by substantial evidence, Judge WILKINSON also noted that testimony at the hearing before the Commission was conflicting. The petitioner had denied hitting the resident and was contradicted by another witness. He concluded: "Judging issues of credibility and resolving evidentiary conflicts are functions of the Commission and not of this Court. . . . This Court may not weigh the evidence nor substitute its judgment for that of the Commission. . . ." *Id.* at 353, 413 A.2d at 14 (citations omitted).

We find the case before us essentially indistinguishable from *Varnell.* Accordingly, we enter the following

### ORDER

Now, November 12, 1982, the order of the State Civil Service Commission, in Appeal No. 3161, dated April 3, 1981, sustaining the removal from employment of Donald L. Whipple, is affirmed.