Carroll K. Jones, Firefighter, Appellant *v.* City of Pittsburgh, Department of Fire, Appellee.

Argued March 2, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*John L. Elash, Elash, Miller & DePasquale,* for appellant.

*Bernard M. Schneider,* Assistant City Solicitor, with him *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, June 22, 1983:

Carroll K. Jones (appellant) appeals here from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Civil Service Commission of the City of Pittsburgh (Commission). While employed by the City of Pittsburgh, Department of Fire (City) as a firefighter, he was involved in an off-duty incident which resulted in the death of one juvenile and the injury of another.

The Commission found that Jones had arrived home from his shift on June 16, 1981, and saw that his home had been burglarized. After ascertaining that the stolen property, which included a stereo system was probably hidden in an abandoned building behind his home, he armed himself with a .22 caliber pistol "for protection" and proceeded to the abandoned building to recover his property. While recovering the stereo system, he was surprised by two people whom he assumed to be the burglars, and, when one of them attacked him, he shot "in fear and self defense," wounding both, one mortally.

A fire trial board hearing was commenced on July 1, 1981, on charges against Jones relating to violations of Articles 19.02 (Disciplinary Accountability), 19.03 (Conduct Unbecoming a Firefighter) and 19.04 (Obedience of Law) of the Rules and Regulations of the Fire Department (Department Regulations). This hearing, however, was adjourned without a decision but with the understanding that it would be reconvened when the criminal proceedings then pending against Jones were concluded. Among the criminal

offenses with which he had been charged as a result of the incident above described were homicide, aggravated assault and battery. He was later acquitted of all charges. Four days after that acquittal the fire trial board reconvened and found him guilty of the violations of the Department Regulations with which he had been charged, namely, Articles 19.02, 19.03, and 19.04. It then fined him $5,000 and returned him to duty.

Jones appealed to the Commission, which reversed the fire trial board and returned him to work with full backpay for the entire period during which he had been prevented from performing his usual employment. The City then appealed to the Court of Common Pleas of Allegheny County, which found that the Commission had erred as a matter of law in determining that Jones' conduct was not conduct unbecoming a firefighter. It reversed the Commission's order, and this reversal is presently before us. The issue here involved is whether or not what Jones did constituted ''conduct unbecoming a firefighter.'' What constitutes such conduct, of course, is a question of law, *Tomkiel v. Tredyffrin Township Board of Supervisors*, 64 Pa. Commonwealth Ct. 418, 440 A.2d 690 (1982), but we are unable to exercise our appellate review,[1] here, because the Commission has failed to make any findings of fact regarding what Jones did *after* the shooting.[2]

---

[1] Our scope of review here is limited to a determination of whether or not constitutional rights have been violated, an error of law has been committed and whether or not necessary findings of fact made by the Commission are supported by substantial evidence. *Williams v. Civil Service Commission*, 9 Pa. Commonwealth Ct. 437, 306 A.2d 419 (1973).

[2] The City argues here, as it did before the Commission, that Jones' conduct both during and after the shooting incident was ''conduct unbecoming a firefighter'', because:

Inasmuch as further findings are crucial to the determination of whether or not Jones' conduct constituted "conduct unbecoming a firefighter," we will remand this matter to the trial court with directions to remand to the Commission for further proceedings consistent with this opinion.

ORDER

AND Now, this 22nd day of June, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby vacated and the matter remanded to said court with directions to remand to the Civil Service Commission of the City of Pittsburgh for proceedings consistent with this opinion. Jurisdiction relinquished.

His actions in ignoring a plea for help from one of the boys he had just shot, who addressed Jones by name, but rather demanding to know where his stereo was, and walking away from the boy to retrieve the stereo, evidences a callous disregard for human suffering, and inarguably demonstrates that Jones places greater value on personalty than on human life. Even after any possible danger to Jones had passed, his main concern was finding his stereo and getting away from the scene. He did not call either police or paramedics, and when they did respond to other peoples' calls, Jones gave them no aid or information; rather, he fled the scene.