Lloyd E. Oudinot, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Geoffrey L. Seacrist,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 31, 1983:

State Police Trooper Lloyd E. Oudinot, Jr. has appealed from a decision of the Unemployment Compensation Board of Review which affirmed a denial of unemployment benefits for a twenty-day period dur-

ing which the Pennsylvania State Police had suspended him without pay. The disciplinary suspension was based upon violation of State Police regulations forbidding conduct unbecoming an officer. Although the referee found that the State Police had also charged deceptive reporting and violation of law (apparently, contributing to the delinquency of a minor) as additional grounds for the suspension, this record does not disclose any facts sufficient to support those alternative charges.

We have essentially the question of whether or not the claimant's relationship with a young woman, and related events, justified the suspension for unbecoming conduct, so as to support the denial of benefits on the basis of the willful misconduct disqualification.

The factual core of the case is summarized in the referee's Finding No. 4, which reads as follows:

4. The claimant has admitted to the following:

Having an affair with a 17 year old junior who attended Charleroi High School and proposing marriage to her while separated from his wife. The affair took place while claimant was acting as the girls basketball and softball coach at Charleroi High School. The 17 year old as a result of the affair became pregnant and elected to have an abortion and not marry the claimant.

Reading the word "affair" to mean simply "relationship," we assess this finding as supported by substantial evidence in the record.

When the young woman's parents became aware of the situation, a bitter clash erupted between them and the claimant, the parents forbade the marriage and they initiated with the State Police a complaint against the claimant.

The claimant relies upon *Tomkiel v. Tredyffrin Township Board of Supervisors,* 64 Pa. Common-

wealth Ct. 418, 440 A.2d 690 (1982), a civil service appeal in which we overthrew an unbecoming conduct conclusion where the conduct had consisted solely of a city police officer's statements in a private argument with the parents of a young woman with whom he had been sharing an apartment and whom he later married. The officer's actions in the interpersonal relationship were not involved; the private war of words was not unbecoming conduct.

Our conclusion, however, is that this case is not as akin to *Tomkiel* as it is to *Fabio v. Civil Service Commission of the City of Philadelphia,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977), *aff'd,* 489 Pa. 309, 414 A.2d 82 (1980), and *Faust v. Police Civil Service Commission of the Borough of State College,* 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975). The latter two cases, also civil service appeals, involved the actions of police officers in the course of interpersonal sexual relationships, as does the present case. *Fabio* and *Faust* held that the unbecoming conduct charges were justified.

Although the events here apparently did not attain a level of notoriety equal to that which obtained in *Fabio* and *Faust,* the involvement of the claimant's role as a high school coach places this case within the public concern area which is at the heart of unbecoming conduct by a law enforcement officer. Off-duty actions, as well as actions on duty, may be unbecoming conduct. *Fabio,* 489 Pa. 309, 414 A.2d 82, and cases cited and discussed therein.

We therefore affirm the denial of benefits.

### ORDER

Now, October 31, 1983, the decision of the Unemployment Compensation Board of Review, No. B-205091, dated April 29, 1982, is affirmed.