Maureen A. Doerr, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued October 18, 1984, before Judges CRAIG and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony A. Seethaler, Jr.,* for petitioner.

*Felix Thau,* Assistant Counsel, with him, *Gary F. DiVito,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 18, 1985:

Maureen A. Doerr, Petitioner, employed by the Pennsylvania Liquor Control Board (LCB), as an enforcement officer, Enforcement Officer II, regular status, was suspended without pay as of December 17, 1982[1] and removed from her position by the LCB as of January 21, 1983,[2] on charges of "conduct unbecoming an Enforcement Officer and Commonwealth Em-

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.803, insofar as it permits the appointing authority to suspend a regular employee without pay for good cause.

[2] 71 P.S. §741.807.

ployee'' by virtue of off-duty misconduct which included gun use and violation of certain Manual Instructions. On appeal to the State Civil Service Commission the action of the LCB was sustained. Petitioner then filed this appeal.

The pertinent facts for our purposes are that Petitioner's employment with the LCB was from February 27, 1977 until her removal at the close of business on January 21, 1983; that her duties were related to enforcement of the Commonwealth's liquor control laws by conducting undercover investigations, submitting written reports, as well as participating in LCB open inspections and raids, in connection with which she was issued and authorized to carry a concealed firearm, and was instructed by the LCB on the requirements for its proper care, use and control; that on the evening of December 14, 1982, Petitioner stopped at the residence of Janet Rankin, fiancee of her father's, with whom Petitioner had a long-standing history of disputes and disagreements, whereupon Petitioner became embroiled in a heated argument which escalated into physical violence. As Petitioner was on her way to an LCB raid of a ''speakeasy''[3] when she stopped at the Rankin residence, she was carrying her LCB-issued firearm. Petitioner lost control of the weapon during the altercation and it was recovered by Rankin's teenage son who hid it and summoned Pittsburgh police who took control of the weapon which was later turned over to a third party and Petitioner did not recover it until the following day. Petitioner was escorted to the station by the police and detained there until she had calmed down when she was then released into the custody of a co-worker, all of which resulted in her failing to participate in the scheduled LCB raid.

---

[3] A "speakeasy" as used here refers simply to an unlicensed liquor establishment.

Petitioner contends here that (1) there is not substantial evidence in the record to support a number of the Commission's findings; (2) that the evidence is insufficient as a matter of law to support her removal; and (3) that the penalty imposed for her conduct is harsh and excessive and amounts to an abuse of discretion. We note, of course, that the appointing authority, here the LCB, has the burden of proof to show just cause for the removal of a regular civil service employee, as was Petitioner. Section 807 of the Civil Service Act, 71 P.S. §741.807; *Hoffman v. Pennsylvania Department of Health,* 73 Pa. Commonwealth Ct. 284, 458 A.2d 303 (1983). Where the party with the burden of proof has prevailed before the Commission, our scope of review is limited to a determination of whether necessary factual findings are supported by substantial evidence, an error of law committed, or whether any constitutional rights of the appellant were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Magnelli v. Pennsylvania Liquor Control Board,* 47 Pa. Commonwealth Ct. 597, 408 A.2d 904 (1979), *cert. denied,* 449 U.S. 993 (1980).

Our review of the record satisfies us that the Commission's findings are supported by substantial evidence.[4] Testimony before the Commission was that of live witnesses, including Janet Rankin and her son, and the fact that the Commission may have given greater credence to the testimony of Rankin and her son than to that of the Petitioner does not constitute an abuse of discretion on the part of the Commission whose function as the fact-finding agency is to evaluate the credibility of witnesses and weigh evidence. That function is not a proper one for a reviewing

---

[4] The findings of the Commission disputed by Doerr concern the loss of possession and control of her service revolver.

court. *Murphy v. Pennsylvania Department of Public Welfare, White Haven Center,* 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984). We also note that, when reviewing an administrative order, the prevailing party, here the LCB, is entitled to the benefit of every inference which can be logically and reasonably drawn from the evidence when viewed in a light most favorable to the prevailing party. *Pennsylvania Insurance Department v. Johnson,* 211 Pa. Superior Ct. 138, 238 A.2d 23 (1967), *aff'd,* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied, Johnson v. Pennsylvania Insurance Department,* 394 U.S. 1003 (1969). In this light, we find that the Commission's findings are supported by substantial evidence and must reject Petitioner's assertion to the contrary.

Petitioner next contends that the evidence is insufficient, as a matter of law, to support the imposition of any disciplinary action whatsoever against her. The basis of her contention is that the incident with Janet Rankin was of a purely private nature and occurred during her off-duty hours. Petitioner contends that, since this incident was nothing more than a private domestic dispute and did not occur during her duty hours, it cannot be job-related and is, therefore, insufficient to warrant any disciplinary action being taken against her. We disagree.

It is undisputed that under Section 807 of the Civil Service Act, "just cause" for dismissal of a regular civil service employee must be related to the employee's job performance and touch in some rational and logical manner upon the employee's competency and ability. *Whipple v. Pennsylvania Department of Public Welfare,* 70 Pa. Commonwealth Ct. 11, 452 A.2d 296 (1982); *Gibson v. Pennsylvania Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978). However, an incident need not occur during an employee's tour of duty in order to be suffi-

ciently job-related as to constitute "just cause" warranting removal. Furthermore, if law enforcement officers are involved and the charge is conduct unbecoming an officer, our Supreme Court in a case involving a police officer[5] has defined unbecoming conduct as "any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *In re Zeber's Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959). Relying upon *Zeber's Appeal,* this Court emphasized that the existence of "conduct unbecoming an officer" depends upon whether or not the conduct had "a destructive impact on public respect for the police service as a result of notoriety which developed, through rumors and otherwise; moreover, fellow officers were adversely affected." *Tomkiel v. Tredyffrin Tp. Bd. of Supervisors,* 64 Pa. Commonwealth Ct. 418, 420, 440 A.2d 690, 691 (1982). In *Tomkiel,* unlike the situation here, the family dispute was limited to family members and had no public impact. Here, however, the December 14, 1982, incident was another in a string of hostile encounters which Petitioner and Rankin had over a period of fifteen years, admittedly being the cause for Rankin to identify Petitioner to a number of liquor establishments as an LCB Enforcement Officer

---

[5] We disclaim any intention to equate the Enforcement Officer of LCB with a regular "policeman." Section 209 of the Liquor Code, Act of April 12, 1951, P.L. 90, 47 P.S. §2-209 provides that the Board's "enforcement officers . . . are hereby declared to be peace officers and are hereby given police power and authority throughout the Commonwealth to arrest on view, . . . without warrant . . . ," but this authority to arrest is limited to "any person actually engaged in the unlawful sale, importation, manufacture, or having unlawful possession of liquor, alcohol or malt or brewed beverages, contrary to the provisions of this act or any other law of this Commonwealth." The references here to court cases having to do with policemen is solely for the analogies in connection with the Board's charge here of "conduct unbecoming an Enforcement Officer."

which hindered her effectiveness as an undercover investigator. Considering only the circumstances on December 14, 1982, it is clear that Petitioner's conduct brought about the altercation which resulted in that conduct having an impact upon the public with a tendency to adversely affect the public respect for a person such as Petitioner and her fellow officers who must serve as law enforcement officers.[6] Admittedly, Petitioner had been drinking beer for several hours in a bar before, carrying her service firearm, she sought the confrontation which resulted and, aside from losing control of her weapon, she was unable to participate in the LCB raid to which she was assigned.

Finally, there is the undisputed fact that during the altercation with Ms. Rankin, Petitioner lost possession and control of her service revolver and admits that she did not notify her supervisor at the LCB that she had lost control of her weapon as required by a regulation in the LCB Handbook for Enforcement Officers which states that if an officer's weapon is lost or stolen, it is the officer's absolute duty to immediately report such loss or theft in writing to the supervisor. When questioned by the appointing authority as to why she did not report the loss of her weapon, Petitioner stated that she did not feel that it was necessary as it was a matter involving her personal life. The loss of a law enforcement officer's service revolver, albeit during a domestic dispute, is definitely

---

[6] It is clear, as noted by the Commission, that Petitioner exhibited such bad judgment and lack of maturity as to adversely impact upon her effectiveness as a law-enforcement officer. The Commission stated:

Her decision to seek out this woman with whom she had a history of quarrels [sic], late in the evening, while she had a weapon on her person, demonstrates an appalling lack of judgment. Her behavior has the effect of bringing the Commonwealth into disrepute, thus meriting her removal.

job-related and the loss, of course, was further compounded by Petitioner's failure to inform her superior of its loss as required by the LCB. When viewed as a whole, we are satisfied that the incident of December 14, 1982 was sufficently job-related to justify disciplinary action being taken against the Petitioner by the LCB.

We now turn to Doerr's final contention which is that the penalty imposed by the LCB, removal, was so grossly harsh under the circumstances that it amounts to an abuse of discretion. However, although we might view a lesser penalty as more appropriate, once it has been determined that the employee has been removed for just cause, neither this Court nor the Commission has the power to alter the decision of the appointing authority as to disciplinary action. *Hoffman; Lewis v. Pennsylvania Department of Health,* 70 Pa. Commonwealth Ct. 531, 453 A.2d 713 (1982). We believe that the just cause warranting Petitioner's removal is sufficiently merit-related as to require our deferring to the decision of the appointing authority under our decisions in *Hoffman* and *Lewis.*

Having found the Commission's findings supported by substantial evidence, no errors of law committed, nor constitutional rights violated, we must, therefore, affirm the Commission's order.

### ORDER

AND Now, this 18th day of April, 1985, the Order of the State Civil Service Commission at Appeal No. 4376, dated August 1, 1983, which affirms the suspension and removal by the Pennsylvania Liquor Control Board of Maureen A. Doerr from her position as Enforcement Officer II, regular status, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.