529 A.2d 616

Stephen Perry, Appellant *v.* Philadelphia Civil Service Commission, Appellee.

Argued February 27, 1987, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Andrew F. Erba,* with him, *Terry L. Fromson, Community Legal Services, Inc.,* for appellant.

*Kenneth Smukler,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE COLINS, August 10, 1987:

Stephen Perry, an officer of the Philadelphia Police Department (Department), appeals an order of the Court of Common Pleas of Philadelphia County which

affirmed an order of the Civil Service Commission of the City of Philadelphia (Commission), in turn affirming Officer Perry's dismissal from the force for conduct unbecoming an officer.[1]

The incident which precipitated his dismissal occurred on November 30, 1981 when Officer Perry, then on medical leave of absence because of mental illness, telephoned the Commanding Officer of the 17th District Police Department and threatened to kill the Mayor and the Police Commissioner unless he was arrested. Officer Perry was arrested and transported to the police station where he readily admitted placing the telephone call and repeated his threats. Following the incident, he was suspended and, ultimately, discharged by the Department, effective December 14, 1981. Criminal charges arising from this incident were filed against Officer Perry but he was found not guilty by reason of insanity. He then appealed his dismissal to the Commission.

Following hearings, the Commission determined that Officer Perry had "clearly demonstrated" that he was "mentally ill and not responsible for his actions" on the date in question. However, the Commission noted that it was unaware of authority providing for a defense of mental illness in a civil action such as a dismissal proceeding, and affirmed the Department's action in dismissing Officer Perry.

---

[1] "Unbecoming conduct, on the part of a municipal employee, especially a policeman or a fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." *Zeber Appeal*, 398 Pa. 35, 43, 156 A.2d 821, 825 (1959).

Upon appeal, the trial court affirmed the Commission's determination. In particular, the trial court noted the testimony of Officer Perry's treating physician to the effect that his condition "[might] be a Bipolar disorder which can be episodic, and is currently in remission" as supporting the Commission's decision that reinstatement was inappropriate.

This Court has had the opportunity of considering a strikingly similar matter in *Civil Service Commission v. Dillon,* 94 Pa. Commonwealth Ct. 231, 518 A.2d 869 (1986). The police officer therein was dismissed after he shot and wounded citizens on two separate occasions. The parties stipulated at the Commission hearing as to Officer Dillon's hospital records, which revealed that he suffered paranoid schizophrenia, and further stipulated that, had his treating psychiatrist testified before the Commission, he would have stated that Dillon's mental disease prevented his distinguishing right and wrong. Criminal charges filed against Officer Dillon were dismissed upon a judicial determination that he was not guilty by reason of insanity.

In our resolution of *Dillon,* we emphasized that a charge of unbecoming conduct does not require proof of any *mens rea*. However, we held that such a charge requires at least a demonstration that the officer's conduct was voluntary "so that he [can] be shown to be responsible for the actions themselves, without regard to any intentions which he may or may not have had concerning their effect." *Id.* at 233-4, 518 A.2d at 870. While specifically refusing to import the M'Naghten Rule from a criminal case into the related civil matter, we concluded that Officer Dillon's psychiatric disability precluded a finding that his unbecoming conduct constituted voluntary actions on his part.

Our decision in *Dillon* controls our determination in the instant matter. That Officer Perry suffered acute mental disability at the time of the incident in question is readily apparent from his own record testimony and that of his mother. In addition, Officer Perry proffered written reports of his treating physician, admitted into evidence without objection of counsel, indicating that he had been discharged from a psychiatric hospital only two weeks before the incident. This physician further stated that Officer Perry was diagnosed as suffering from paranoid schizophrenia immediately following the incident.

We conclude that Officer Perry's mental disability negates any conclusion that his unbecoming conduct was voluntary. Indeed, the Commission determined that he was not responsible for his actions. In accordance with *Dillon,* we deem Officer Perry to have been separated from his employment on account of his medical disability, as of his actual dismissal date of December 14, 1981. He must be retroactively awarded all appropriate retirement and/or disability benefits commensurate with that status from that date.

Having so found, we need not address Officer Perry's alternative contention that his dismissal violated the provisions of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§951-963.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is reversed and the case is remanded to the trial court with directions to remand to the Commission for the entry of an appropriate order consistent with this opinion.

### ORDER

AND NOW, August 10, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-

captioned matter is reversed and the case is remanded to the trial court with directions to remand to the Commission for the entry of an appropriate order consistent with this opinion.

Jurisdiction relinquished.

Judge PALLADINO dissents.