**John MOOREHEAD,**

v.

## CIVIL SERVICE COMMISSION OF ALLEGHENY COUNTY (Two Cases).

**Appeal of Allegheny County and Civil Service Commission of Allegheny County (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2000.

Decided March 14, 2001.

---

Terrence F. McVerry & Robert L. McTiernan, Pittsburgh, for appellants.

A. Bryan Campbell, Pittsburgh, for appellee.

Before SMITH, Judge, KELLEY, Judge, RODGERS, Senior Judge.

KELLEY, Judge.

In these consolidated appeals, Allegheny County and the Civil Service Commission of Allegheny County (hereinafter collectively referred to as "County") appeal from a May 30, 2000 order of the Court of Common Pleas of Allegheny County (trial court) which: (1) sustained the appeal of John Moorehead; (2) reversed the decision of the Civil Service Commission of Allegheny County (Commission); and (3) reinstated Moorehead to his position with full back pay and all other incidents of his employment. We reverse.

Moorehead was a police officer in the Allegheny County Bureau of Police (Bureau). On March 29, 1993, Moorehead engaged in a physical confrontation with Samuels, the only other police officer then on duty at the Bureau's South Park Headquarters. The intervention of police officers from another station was necessary to break up the confrontation and to restore order to the South Park Headquarters.

As a result of the altercation, Moorehead was charged with the following violations of the Allegheny County Police Manual of Rules and Regulations (Rules): (1) neglect of duty; (2) failure to preserve the peace; (3) failure to obey the Rules; (4) failure to be courteous to associates; (5) engaging in conduct unbecoming an officer; (6) failure to treat other officers with respect; (7) engaging in conduct which discredited the police department; and (8) failure to perform his duties with order and discipline. On April 8, 1993, a departmental hearing was held regarding the charges against Moorehead. As a result of the hearing, all charges were deemed valid. Therefore, by letter dated April 12, 1993, Moorehead was discharged from his position, effective April 15, 1993. Moorehead appealed his discharge to the Commission.

A hearing was held before the Commission on July 6, 1993. The testimony of Radio Operator Charles Day provided most of the factual details of the altercation because he was present when it occurred. Day saw Moorehead and Samuels grab each other and fall against the radio console. Day stated that Samuels was holding Moorehead and bending him back over the equipment. He further testified that he told both officers to knock it off but that the response from Samuels was "no." Day then spoke with a Police Dispatcher and asked that two police cars be sent for assistance because officers were fighting. Day stated that the struggling between the two officers lasted for fifteen or twenty minutes. During this time, Day saw Moorehead hit Samuels on the head with a coffee cup. As a result, both officers fell to the floor with Samuels on top of Moorehead. A maintenance worker who had arrived to clean the building saw the two officers struggling and called 911 to request police assistance.

Sergeant Brunetti of the South Park Police Department arrived on the scene in response to the Police Dispatcher's request for help. Upon entering the building, Brunetti noted that the two officers were on the floor and that Samuels had pinned down Moorehead. The two struggling officers were pulled apart. Sergeant Brunetti testified that Moorehead made no statement with respect to the cause of the altercation. Samuels merely reported that he had been hit with a coffee cup. The resulting cut to his head was given medical attention.

A police investigation ensued and resulted in reports indicating that each officer blamed the other for starting the altercation. Moorehead claimed that the incident had started with Samuels bumping into him and calling him names. Moorehead indicated that the bumping by Samuels had been intentional. He further stated that prior incidents of fighting among personnel had not resulted in discharges or disciplinary actions. Moorehead claimed that he was attacked, that his actions were in self-defense and that his discharge was not warranted.

The Bureau's position was that Moorehead's conduct had violated the Rules, that his behavior constituted conduct unbecoming an officer and that his discharge was the proper discipline. This position was emphasized by the testimony of Superintendent Kroner. He stated that when the only two on-duty police officers at the South Park Headquarters were engaged in a confrontation between themselves, the district was without police protection for a considerable period of time. Moreover, the need to call for assistance from another station resulted in the community not having police protection.

On August 10, 1993, the Commission denied Moorehead's appeal of his discharge. It stated that, while there was no

clear testimony as to the cause of the fight, the critical questions were whether Moorehead's behavior constituted conduct unbecoming an officer and whether there were sufficient grounds for his discharge. The Commission concluded that the evidence and the testimony were sufficient to establish that Moorehead's behavior on March 29, 1993, constituted conduct unbecoming an officer. In addition, the Commission also concluded that Moorehead's discharge by the Bureau had not been an abuse of discretion. Moorehead appealed the Commission's determination to 'the trial court.

On May 12, 1994, the trial court reversed the Commission's decision and reinstated Moorehead to his former position as a police officer. It also awarded Moorehead back pay and benefits from the date of his termination.

The trial court noted that nowhere in the transcript of the hearing before the Commission was there testimony that Moorehead was doing anything other than defending himself. The trial court emphasized that the right of self-defense was afforded to all citizens pursuant to the Pennsylvania Crimes Code (Crimes Code), 18 Pa.C.S. § 505.[1] The trial court further stated that the testimony established that the struggle between Moorehead and Samuels had been one-sided and that it had been impossible for Moorehead to retreat from the situation. The trial court concluded that the Commission had ignored Moorehead's right to self-defense in reaching its decision and that the Commission's findings were not supported by substantial evidence. Accordingly, the trial court reversed the Commission's determination, sustained the appeal of Moorehead and ordered that he be reinstated to his former

position with full back pay and benefits from the date of his termination. An appeal to this Court followed.

Upon review, this Court pointed out that a charge of conduct unbecoming an officer requires at least a demonstration that that the officer's conduct was voluntary so that he may be shown to be responsible for his actions. *Perry v. Philadelphia Civil Service Commission,* 108 Pa.Cmwlth. 322, 529 A.2d 616 (1987). We stated further that the Crimes Code gives to all citizens the right of self-defense. 18 Pa.C.S. § 505. Accordingly, we held that the trial court exceeded its scope of review because the Commission made no finding as to whether Moorehead's behavior constituted self-defense. Thus, we concluded that since the Commission made no finding as to whether Moorehead's conduct was voluntary, it was error for the Commission to conclude that Moorehead had engaged in conduct unbecoming an officer and, therefore, should have been discharged. We stated that despite the Commission's assertions to the contrary, such a finding was critical to the Commission's determination. Therefore, we vacated the trial court's order and remanded to the trial court to order the Commission to address the issue of whether Moorehead was acting in self-defense during the altercation with Samuels and, based upon the resolution of that issue, whether Moorehead had engaged in conduct unbecoming an officer. *See Moorehead v. Civil Service Commission of Allegheny County,* (Pa.Cmwlth., No. 1454 C.D. 1994, filed June 16, 1995).

On August 17, 1995, the trial court remanded the matter to the Commission. On remand, the Commission concluded that Samuels, not Moorehead was respon-

---

1. Section 505(a) of the Crimes Code states that "[t]he use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."

sible for the initial contact, which precipitated the struggle, and that there were no other officers present who could be called upon to separate the two officers. Accordingly, the Commission found that Moorehead's actions were not voluntary. Thus, the Commission concluded that Moorehead was not guilty of conduct unbecoming an officer; however, the Commission could not find that Moorehead's conduct on the date in question was in conformity with good conduct. The Commission stated that Moorehead, as a veteran officer, should have initiated an action to have discontinued the struggle either by directions to the radio operator or by a request to Samuels. For the foregoing reasons, the Commission sustained Moorehead's appeal and reinstated Moorehead without back pay effective as of December 1, 1995. The Commission held that Moorehead's conduct did violate the Rules of the Bureau, and accordingly, the imposition of a discipline, which the Commission determined merited suspension.

County appealed the Commission's decision to the trial court. The trial court entered an order on May 17, 1996 vacating the Commission's decision and again remanding the matter to the Commission with instructions for the Commission to address the issue of whether Moorehead was acting in self-defense during the altercation with Samuels and based upon the resolution of that issue, whether Moorehead engaged in conduct unbecoming an officer in accordance with this Court's order of June 16, 1995.

Thereafter, the Commission, at a special meeting on August 1, 1997, again reconsidered the matter, and decided, in effect, that Moorehead was not acting in self-defense at all times. The Commission stated as follows:

> It is a reasonable presumption that Moorehead could have walked away from the incident at its early stages, with testimony that there was at least some verbal fighting going on before the physical confrontation began. As a police officer, Moorehead, by training and experience, should have been able to avoid unnecessary confrontations. This was not a situation where an officer, in performance of duties, was attempting to arrest or detain a suspect, and, as a result, would feel compelled to continue the struggle or altercation.
>
> Further, while the conduct of the two officers was described by a witness as wrestling or struggling, only Samuels required medical attention as a result of Moorehead hitting him on the head with a coffee cup. By hitting Samuels with the coffee cup, Moorehead may even have escalated the violence. Samuels['] apparent size advantage should not provide Moorehead with more latitude, given Moorehead's police training.

Commission's Decision dated August 22, 1997.

Accordingly, the Commission sustained the discharge of Moorehead and denied Moorehead's appeal therefrom. Moorehead appealed the Commission's decision to the trial court. By order of May 30, 2000, the trial court reversed the Commission's decision and ordered that Moorehead be reinstated to his position with full back pay and all other incidents of his employment. The trial court's reasoning for its decision was simply that it did not believe that there is sufficient evidence in the record to support the Commission's decision. This appeal by County followed.

 It is well established that this Court's review of the actions of a municipal civil service commission is limited. Where a full and complete record is made of the proceedings before a municipal civil service commission, a reviewing court must affirm the adjudication unless it violates

constitutional rights, is not in accordance with the law, it violates the procedural provisions of the local agency law, or the commission's findings are not supported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754; *Civil Service Commission v. Poles,* 132 Pa.Cmwlth. 593, 573 A.2d 1169 (1990), *petition for allowance of appeal granted,* 527 Pa. 657, 593 A.2d 427 (1991), *appeal dismissed,* 530 Pa. 31, 606 A.2d 1169 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

 A reviewing court will examine, but not weigh, the evidence since the commission, as fact finding tribunal, is in a better position to discover the facts based upon the testimony and the demeanor of witnesses. *Id.* The court may not substitute its judgment for that of the commission. *Id.*

 In this appeal, County argues that the sole issue, on remand, before the Commission was whether Moorehead was acting in self-defense. County contends that it is clear from the Commission's opinion and decision that the Commission considered the evidence and the direction of this Court and determined that Moorehead's actions were voluntary, because he was not engaged in self-defense. County argues further that the Commission clearly considered the evidence and the nature of the altercation between Moorehead and Samuels, as well as existing case law on self-defense. County argues that the Commission weighed the evidence and made a determination based on this evidence that clearly establish that Moorehead was not engaged in self-defense and, therefore, that the decision discharging Moorehead should be sustained. As the Commission's decision is supported by substantial evidence, County contends, it must be upheld. County contends that it was certainly inap-

propriate for the trial court to substitute its judgment for that of the Commission which decided that the smashing of a glass cup against a fellow officer's head was such a severe escalation of violence that it removed any claim by Moorehead that he was acting appropriately.

As noted herein, the Crimes Code gives to all citizens the right of self-defense. 18 Pa.C.S. § 505. Recently the Pennsylvania Superior Court examined Section 505 of the Crimes Code and addressed the issue of what level of force is justifiable when repelling an attack by an unarmed assailant. *Commonwealth v. Witherspoon,* 730 A.2d 496 (Pa.Super.1999). In *Witherspoon,* a man who was volunteering at defendant's place of business, broke free when he was being physically escorted from the business premises and lunged at defendant with balled fists. *Id.* at 499. The defendant responded by slapping the man. *Id.*

The Superior Court pointed out that while the court had examined what level of force is not justifiable in repelling an attack, the court had not previously addressed what level of force is justifiable when repelling an attack by an unarmed assailant. *Id.; See Commonwealth v. Cutts,* 281 Pa.Super. 110, 421 A.2d 1172 (1980) (use of shiny instrument capable of slashing is excessive force applied against person who poked defendant with sharp stick); *Commonwealth v. Jones,* 231 Pa.Super. 300, 332 A.2d 464 (1974) (use of pocket knife against kicking and pushing assailants is excessive force). The Superior Court then held that it was not necessary for the defendant to be in fear for his life before he could resort to force to defend himself and that the defendant was justified in meeting a threat of force with the use of a similar level of force. *Witherspoon,* 730 A.2d at 499. Under the circumstances as found by the trial court, the

Superior Court found that the force the defendant used was not excessive. *Id.* at 499–500.

Herein, the Commission found that, while the conduct of the two officers was described by a witness as wrestling or struggling, only Samuels required medical attention as a result of Moorehead hitting him on the head with a coffee cup. This finding is supported by substantial evidence in the record. The Commission determined that by hitting Samuels with the coffee cup, Moorehead may have even escalated the violence. Based on the Superior Court's decision in *Witherspoon* and a reviewing court's narrow scope of review of a civil service commission's decision, we hold that the Commission did not err in reaching the conclusion that Moorehead's use of the coffee cup was excessive force. In light of the finding of fact that the altercation was a struggling match, we agree that, by smashing the cup against Samuels' head, Moorehead was clearly using more force than necessary to repel the attack by Samuels.

Accordingly, we reverse the trial court's decision and reinstate the Commission's decision and order sustaining Moorehead's discharge.

### ORDER

AND NOW, this *14th* day of *March,* 2001, the order of the Court of Common Pleas of Allegheny County dated May 30, 2000, entered in the above captioned matters, is reversed and the August 22, 1997 decision of the Civil Service Commission of Allegheny County is reinstated.