William J. Cosgrove, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Stephen J. Springer,* with him *James M. Marsh,* and *LaBrum and Doak,* for appellant.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 21, 1979:

The State Civil Service Commission issued a formal order dismissing as untimely an appeal filed by William J. Cosgrove. We affirm.

Cosgrove makes issue: (1) Did the Commission properly find the 20-day appeal time limitation of the Civil Service Act[1] to commence upon receipt of a letter of termination addressed to him and not upon receipt of a later letter from Pennsylvania Liquor Control Board (PLCB) to the Retail Clerks Union rejecting its request for his transfer to another store? and (2) Did the Commission properly find the applicable statutory time period to be the 20-day limit as imposed by the Civil Service Act rather than the 30-day limit as provided by the Administrative Agency Law?

Cosgrove, a former PLCB store clerk, last reported for work July 14, 1977, when he left following an alleged assault by his supervisor. Having been injured and fearing further bodily harm, Cosgrove re-

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 et seq.

quested transfer to another liquor store. While the transfer request was in process, he was ordered to report to the same store. Failing to do so, he was notified by certified letter dated September 8, 1977, that he was being terminated September 7 because he was absent more than five days after notice to report for work. He appealed his termination by letter dated October 4, 1977.

Considering Cosgrove's first contention: Section 951 of the Civil Service Act[2] provides that appeals from notices of the appointing authority (PLCB) which affect an employee's status shall be filed within 20 days of receipt. The letter which Cosgrove urges is the trigger of the 20-day appeal period was not addressed to him; rather, it was a notice sent to the union in response to its request that he be transferred to another store. A letter whose sole purpose was to apprise the union of the transfer refusal was not notice as contemplated by Section 951 commencing the appeal period to the Commission.

Secondly: Cosgrove's contention that the applicable time period is controlled by the Administrative Agency Law[3] is without merit. Statutory civil service provisions require exclusive adherence in involuntary termination of employment proceedings. *Smith v. Keim,* 8 Pa. Commonwealth Ct. 610, 303 A.2d 869 (1973). In any event, repeating our time honored truism: whenever a general provision shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both, and, if there is an irreconcilable conflict between the two provisions, the special provision shall prevail and shall be construed as an exception to the general provision. 1 Pa. C.S. §1933.

---

[2] 71 P.S. §741.951.

[3] Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.1 et seq.

Accordingly, we

ORDER

AND Now, this 21st day of May, 1979, the decision of the State Civil Service Commission dated November 16, 1977, dismissing the appeal of William J. Cosgrove is hereby affirmed.