John E. Hoffman, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Betty F. Perry, Killian & Gephart,* for petitioner.

*Stephen D. Tompkins,* Assistant Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 6, 1983:

John Hoffman appeals a State Civil Service Commission (Commission) order which upheld his removal by the Department of Health (Department) for just cause. We affirm.

Hoffman was employed as a Public Health Executive II and was appointed to the probationary position of Director of the Division of Hospitals in April of 1979. In August 1979 his supervisor recommended permanent status. In the Personal Evaluation Report, however, the supervisor noted certain of Hoffman's shortcomings:

> He appears to have several shortcomings. . . . He requires explicit directions to do what is asked, that is his grasp of the situation appears limited at times. I still do not know if he understands what I propose to do relative to his division's plans since I have not seen anything yet and they were due August 1.[1] His grasp of what his own personnel do within his division is limited. When asked a question about a function or a position he relies upon his subordinates for answers. . . . Reliance upon one's subordinates is important, but the final answer must be the director's.

R.R. pp. 211a-212a.

Although his supervisor then recommended Hoffman for a permanent position, she noted that this was based on her belief that his performance would improve. However, a subsequent series of supervisor memoranda indicated a growing concern and frustration with Hoffman's inability or unwillingness to conform to her requirements. Finally, by letter dated February 11, 1981, the Secretary of Health removed Hoffman from his position, writing:

---

[1] The date of this evaluation was August 17, 1979.

It is my conclusion that because of your lack of judgment, lack of ability to make critical analyses, your lack of understanding of Division operations, and the subsequent need to excessively rely on your staff for decisions that you should make, and your inability or unwillingness to cooperate with Ms. Rieson, your supervisor, it is necessary for your employment to be terminated.

Hoffman appealed to the Commission, which affirmed, concluding that Hoffman had been removed for just cause under Section 807 of the Civil Service Act.[2]

Before the Commission, the Department's burden was to prove that Hoffman's removal was for just cause.[3] That burden having been met, our scope of review is limited to determining whether the Commission's decision is in accord with the law, the necessary findings of fact are supported by substantial evidence and whether the appellant's constitutional rights were violated. *Silvia v. Pennhurst Center,* 63 Pa. Commonwealth Ct. 75, 78, 437 A.2d 535, 536 (1981).

Section 807 of the Act requires that, "[n]o regular employe in the classified service shall be removed except for just cause."[4] This Court has held that removal for just cause must be merit-related.

"This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-

---

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

[3] 4 Pa. Code §105.15 imposes a burden on the appointing authority to establish a prima case to support its action. The employe then must present his case to rebut the same.

[4] 71 P.S. §741.807.

related and in some rational and logical manner touch upon competency and ability.''

*Laws v. Phialdelphia County Board of Assistance,* 50 Pa. Commonwealth Ct. 340, 347, 412 A.2d 1377, 1381 (1980) (*quoting Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971)).

The record discloses that Hoffman's supervisor repeatedly sent memoranda to Hoffman citing reasons for her dissatisfaction with his performance. Despite repeated explanations of basic Department policy; repeated requests that he appear at meetings without the staff; complaints that his reports were often under-researched and his requests to the legal department were matters that he could have handled; and his reports and information were consistently late, no improvement was made.[5]

Hoffman argues that there is not substantial evidence in the record to support the Commission's order[6] and that his supervisor initiated these groundless complaints. We disagree. The record is replete with testimony and memoranda detailing Hoffman's repeated failures:

Q. Do you agree that you and Ms. Riseon had different management styles?

A. Well, frankly, I'm not certain of what Ms. Riseon's management styles are, so I

---

[5] The Commission's Findings of Fact Nos. 9-19 deal with the various memoranda sent by Hoffman's supervisor. Hoffman argues that the Commission erred in adopting these memoranda in toto. However, resolutions of credibility and the weight to be given the evidence are questions for the Commission. *Laurito v. Department of Transportation,* 62 Pa. Commonwealth Ct. 406, 410, 436 A.2d 1236, 1238 (1981).

[6] He also argues that, because his department continued to function, this should negate his failure to perform *his* job properly. Based on the extensive record in this case and the Commission's resolution of credibility in favor of the appointing authority as to whose version of events should be believed, we disagree.

couldn't answer that. But I could tell you that I had a management style which involved participatory management with my people.

Q. Am I correct that that included your taking your people to meetings with Ms. Riseon?

A. Yes.

Q. In view of her request to you not to bring those additional people without her permission, why did you continue to bring them?

A. Well, as pointed out by Ms. Riseon, I did not bring them in the beginning of our association. But, frankly, I found that, at the conclusion of my personal meetings with Ms. Riseon, when I went back to my office to do what I thought Ms. Riseon had wanted me to do, it frequently turned out to be something different, so I wanted somebody there in addition to myself.

Hoffman's testimony clearly demonstrates his disregard of his supervisor's instructions. The record supports a pattern of merit-related behavior which we conclude rose to the level of just cause for Hoffman's dismissal.[7]

Affirmed.

---

[7] All of the charges against Hoffman are clearly merit-related and supported by substantial evidence. Although this Court might view demotion or transfer as a more appropriate solution to Hoffman's inadequate job performance, neither this Court nor the Commission has the power to alter the decision of the appointing authority once having concluded that the employee was removed for just cause.

If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the appointing authority's discipliplinary action.

*Omelchenko v. Housing Authority of the County of Lebanon*, 58 Pa. Commonwealth Ct. 494, 497, 428 A.2d 274, 276 (1981), *see also Lewis v. Department of Health*, Pa. Commonwealth Ct. , 453 A.2d 713 (1982).

ORDER

The State Civil Service Commission order, Appeal No. 3247 dated December 4, 1981, is hereby affirmed.