Gloria Geissler, Appellant v. Board of Commissioners of Upper Dublin Township and Upper Dublin Township, Appellees.

Submitted on briefs April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Edward J. Hughes, Kaufman & Hughes,* for appellant.

*Michael F. Smith,* with him *Raymond Jenkins, Jenkins, Tarquini & Jenkins,* for appellees.

OPINION BY JUDGE MACPHAIL, August 18, 1983:

Mrs. Geissler's (Appellant) employment as financial director for the Township of Upper Dublin (Township)[1] was terminated as of December 28, 1981 for alleged irregularities regarding the purchase of cer-

---

[1] The Township of Upper Dublin is a first class township.

tain office furniture for the Township. A timely appeal was filed with the Township under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. After a hearing, the Township's Personnel Review Board (Board) found that Appellant's termination was just, proper and with cause. A further appeal from that decision to the Montgomery County Court of Common Pleas was denied. This appeal followed.

It appears from the record made before the Board that Appellant executed a purchase order[2] for certain furniture for Township offices which was ultimately delivered. The seller submitted two series of invoices. One series was dated October 1, 1981 and the other October 2, 1981. Each invoice in each series was for a sum less than $2,500. Appellant issued two hand-drawn checks[3] one in the amount of $13,069.50 for the total of the first series of invoices and the other for $5,134.10 for the total of the second series of invoices. No bids were solicited for any of the items purchased. The Township undertook an outside audit regarding these matters since the transactions appeared to be in violation of Section 1802 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §56802, which provided that all purchases in excess of $2,500,[4] with certain exceptions, must be made from the lowest responsible bidder after proper advertising.

At the hearing before the Board, Appellant testified that she was aware of the statutory limit for no-bid contracts and that there was no bidding for the

---

[2] The proposal of the supplier exceeded $39,000.

[3] The Township had computer run checks but Appellant said she issued hand-drawn checks to the supplier because the supplier had need of immediate payment.

[4] The amount has now increased to $4,000.

purchases in question. She justified her actions, however, on the basis that the furniture was unique and was for "proprietary" purposes and because she was instructed to make the purchases by the Township manager in the manner she employed. She claims that the manner of invoicing was instigated by the supplier without her knowledge, but she admits that she never questioned the supplier concerning the manner of invoicing.

The Board found, *inter alia,* that the transactions were in violation of the law, that Appellant knew they were in violation of the law and that this constituted just cause for her dismissal.

In this appeal, Appellant contends that the trial court erred when it refused to grant her a de novo hearing, that she was denied her right to a hearing before a fair and impartial tribunal, that the Board's findings were not supported by substantial evidence, that her termination was not for just cause and that her conduct was justified since she was following the instructions of her supervisor and the past practices of the Township.

It is true that Appellant's appeal to the trial court requests a hearing, but there is nothing in the record before us to indicate that counsel pursued that request before oral argument or stated reasons why the request should be granted as set forth in his appeal to the trial court. Even though counsel's failures in that respect may not constitute a waiver of the issue, we note the trial court is not obligated to conduct a de novo hearing unless a full and complete record of the proceedings was not made before the local agency. 2 Pa. C. S. §754. Appellant argues that the trial court's refusal to grant a de novo hearing denies her the opportunity to show that the Board was biased.

At the hearing before the Board, counsel for the Appellant objected to the fact that two of the three members of the Board were also charged with hiring and firing employees. No other reason was given in support of counsel's contention of bias and the hearing proceeded without protest but subject to counsel's objection. We perceive the argument to be that the Board as so constituted was unlawfully commingling the investigative and adjudicative functions. This argument has been advanced many times in this Court and has been laid to rest with the observation that absent a showing of *actual* bias, the argument must fail. *Graham v. Mars Area School District,* 52 Pa. Commonwealth Ct. 116, 415 A.2d 924 (1980) and *Rayne v. Edgewood School District,* 19 Pa. Commonwealth Ct. 353, 339 A.2d 151 (1975). Both cases were decided on the authority found in *Withrow v. Larkin,* 421 U.S. 35 (1975). There is no evidence of actual bias in this case.

Appellant insists that her conduct with respect to the furniture purchases was not just cause for her termination. The burden was upon the Township to prove just cause for Appellant's dismissal. *Soergel v. Board of Supervisors of Middlesex Township,* 12 Pa. Commonwealth Ct. 311, 316 A.2d 89 (1974). The trial court concluded that that burden had been met in the instant case. We agree. When one in a position of trust knowingly violates the law, such conduct is grounds for dismissal.[5]

---

[5] Public officers who have charge of public funds and public money are charged with the duty, as trustees, to disburse and expend the money for the purposes and in the manner prescribed by law. . . . Mere good faith in making an improper payment of public funds is not recognized as any excuse whatever. (Footnotes omitted.)

63 Am. Jur. 2d *Public Officers and Employees* §322 (1972).

Appellant lastly argues that her procedures in this matter had been used in the past and that the Township manager was aware of what she was doing and even instructed her. The Board found as a fact that the Township manager did tell Appellant that these purchases were of a "proprietary" nature and that it was not necessary to adhere to the $2,500 bid limitation. A public employee cannot blindly follow a supervisor's order which the employee knows or has reason to know violates the law. In spite of all her protestations that she sincerely believed there was nothing illegal about the transaction, Appellant never denied nor did she contradict the testimony of the Township's Chief of Police who stated that Appellant told him the furniture purchases were being held to under $2,500 "to keep the Commissioners out of it".

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Montgomery County dated May 5, 1982, is affirmed.