Patricia A. Schnieder, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs September 15, 1983, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Terrence J. Kerwin, Kerwin and Kerwin,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

OPINION BY JUDGE BARRY, October 18, 1983:

The appellant, Patricia A. Schneider, petitions for review of an order of September 16, 1982, of the State Civil Service Commission (Commission) which denied her request for a hearing. The Commission refused her request because it was not made in a timely fashion.

The appellant worked for the Pennsylvania Liquor Control Board (Board) as a Clerk-Typist II. She had been employed by the Commonwealth of Pennsylvania for over seventeen years when, in January of 1982, she was suspended by the Board for five days. The reasons given for the suspension were conduct unbecoming a Commonwealth employee, insubordination and an unsatisfactory relationship with fellow employees.

Subsequently, when the appellant returned to work on April 24, 1982, she received a letter from the Board which informed her of its decision to remove her from her job. The letter stated that the appellant was entitled to an appeal and could do so in writing by completing and filing, with the Commission, an attached "Appeal Request Form". The appellant maintains, that the "Appeal Request Form" was not enclosed with the letter for removal. While the letter to the appellant dismissing her from her job did state that the appellant had a right to an appeal, it did not state the amount of time the appellant had to file that appeal.

On May 5, 1982, upon consultation with her attorney, appellant learned that, if she wanted to appeal her removal, she would only have a limited time to appeal the decision. The attorney did not advise her

what this time was. Counsel for appellant later obtained an ''Appeal Request Form'' which appellant signed and submitted to the Commission on May 26, 1982. In an order made September 16, 1982, the Commission denied the appellant's request for a hearing. The Commission denied the request because it was not filed within the twenty day time limit. Appellant received notice of her removal on April 24, 1982, and her appeal to the Commission was postmarked on May 26, 1982.

The question before this Court is whether the Commission erred in determining that the appeal was untimely since the appellant was not notified of the time limitation on her right to appeal. Section 950 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.950 provides:

> Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this act. Such notice a copy of which shall be submitted to the Commission shall be furnished within time limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation, suspension for cause or demotion of a regular employee set forth the reason or reasons for the action.

It appears that the Board did comply with the provisions of this statute. More pertinent to this case is the provision on hearings which states:

> (a) Any regular employee in the classified service may within 20 calendar days of receipt of notice from the appointing authority appeal in writing to the commission.

Section 951 of the Act, 71 P.S. §741.951.

It is clear from this statute that the appellant had twenty calendar days from which to file an appeal. Petitioner, of course, contends that her notice of removal was insufficient because it did not set forth the twenty day period for appeal. However, this Court believes it was not incumbent upon the Board to inform the appellant of the time in which an appeal must be filed. It was the duty of the appellant to inquire about the time limitations involved.

This Court has found that the twenty day appeal time limitation commences upon receipt of the termination letter by the employee. *Cosgrove v. Liquor Control Board,* 43 Pa. Commonwealth Ct. 1, 401 A.2d 605 (1979). This Court has also held that the twenty day time limit prescribed for an appeal to the Commission in a personnel action must be strictly enforced and that the twenty day limitation is mandatory. *Marks v. State Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973); *Ellis v. Department of Transportation,* 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978). It is apparent that the appellant did receive notice and that she was informed of her right to an appeal upon receipt of her termination letter. Moreover, when she sought advice from her attorney on May 5, 1982, he informed her that she only had a certain amount of time to appeal. Therefore, the petitioner should have undertaken an inquiry to determine the exact amount of time she had to appeal.

Therefore, the order of the Commission denying the appellant's request for a hearing is affirmed.

### ORDER

Now, October 18, 1983, the order of the State Civil Service Commission, Appeal No. 4172, dated September 16, 1982, is affirmed.