527 A.2d 1074

Louis W. Benvignati, Appellant *v.* Civil Service Commission, Appellee.

Argued December 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*F. Emmett Fitzpatrick, P.C.*, for appellant.

*Susan Shinkman*, with her, *Handsel B. Minyard*, City Solicitor, and *Ralph J. Teti*, Divisional Deputy City Solicitor, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, June 19, 1987:

In this civil service case, Appellant, Louis W. Benvignati, appeals here an order of the Court of Common Pleas of Philadelphia County dismissing his appeal from a decision of the Philadelphia Civil Service Commission (Commission). The Commission's decision upheld his dismissal from the Philadelphia Police Department. We affirm.

Appellant was discharged from the Philadelphia Police Department for conduct unbecoming an officer. The circumstances surrounding his discharge pertain to his performance with the Organized Crime Unit. There, he met a Corporal Charles Worrell and an Officer Thomas Liciardello who informed him that they had obtained information that illegal gambling was taking place at the residence of a Victor DeLuca. They further told Appellant that they had personally performed the surveillance of the premises that confirmed this information. Corporal Worrell and Officer Liciardello then directed Appellant to type out a search warrant, under his own name, for a search of DeLuca's residence. The warrant contained an affidavit by Appellant where-

in he swore under oath that the information contained in the warrant was true and correct and that he had personally received information from one he knew to be a reliable informant regarding criminal activity. The warrant also contained a statement that Appellant was personally involved in the surveillance of the DeLuca residence. The warrant was served and, while no gambling materials were found, a gun was found, the possession of which violated the terms of DeLuca's federal probation. At the federal parole violation hearing, Appellant testified regarding the execution of the warrant and explained that Corporal Worrell and Officer Liciardello were the source of his information and that he had no personal knowledge of the facts set forth in the warrant. The federal judge then granted a motion to dismiss the probation violation charges. The Philadelphia District Attorney charged Appellant with perjury and Appellant accepted three months' probation under the Accelerated Rehabilitative Disposition (ARD) program. Upon his successful completion of ARD, the perjury charges were withdrawn.

The Commission expressly stated that it found no mitigating circumstances to excuse Appellant's conduct and that there was just cause for his dismissal. On appeal, the common pleas court reviewed the evidence that was before the Commission and stated that Appellant's course of conduct in executing the search warrant and affidavit was conduct unbecoming an officer and that there was just cause for his dismissal.

In this appeal, Appellant contends that (1) the Commission erred as a matter of law in concluding that his actions constituted conduct unbecoming an officer; (2) the Commission failed to consider his service record when it assigned the penalty of dismissal; and (3) the police department failed to sustain its burden of proving that the penalty of dismissal was appropriate. We

shall discuss these issues in the order stated, ever mindful that under our limited scope of review under Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), we must affirm the Commission's adjudication unless (1) the Appellant's constitutional rights were violated; (2) there was non-compliance with the provisions of the Local Agency Law in the proceedings before the Commission; (3) an error of law was committed; or (4) necessary findings of the Commission are unsupported by substantial evidence. *DiCiacco v. Civil Service Commission of Philadelphia*, 37 Pa. Commonwealth Ct. 77, 389 A.2d 703 (1978).

Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, provides that a civil service employee of the City of Philadelphia shall be dismissed only for just cause. "Just cause" was thoroughly discussed and defined in *O'Gorman Appeal*, 409 Pa. 571, 187 A.2d 581 (1963), wherein our Supreme Court stated:

> What constitutes ample [just] cause for removal . . . must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service.
>
> . . . All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position.

*Id.* at 576-577, 187 A.2d at 583-584, *citing Thomas v. Connell*, 264 Pa. 242, 246, 107 A. 691, 692 (1919). Con-

duct unbecoming an officer is clearly just cause for a police officer's dismissal. *Zerber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959).

The facts in this case are undisputed and, in our view, establish a course of conduct on Appellant's part that provides just cause for his dismissal. We have previously held in the context of a civil service dismissal that a public employee cannot use as a defense to his or her dismissal their obedience of a superior's order. In *Geissler v. Board of Commissioners of Upper Dublin Township,* 76 Pa. Commonwealth Ct. 426, 463 A.2d 1284 (1983), we upheld the dismissal of a township financial director where the procedure employed by her to pay for office furniture bought for the Township was perceived to have been designed to avoid the statutory requirement of soliciting bids. In rejecting Mrs. Geissler's attempt to justify her actions on the basis of her following the instructions of the township manager, we held that a public employee cannot blindly follow a supervisor's order that the employee knows or has reason to know violates the law. *Id.* at 431, 463 A.2d at 1287. Quite naturally, when one who is in a position of public trust knowingly and intentionally violates the law, such conduct is grounds for dismissal. *Id.* at 430, 463 A.2d at 1287.

The circumstances presented in this case are strikingly similar to those in *Geissler.* In *Geissler,* there is no dispute that the actions of Mrs. Geissler were clearly illegal and that she was aware of their illegality. This was undeniably evidenced by Mrs. Geissler's statement to the township police chief that the furniture purchases were designed to "keep the Commissioners out of it." 76 Pa. Commonwealth Ct. at 431, 463 A.2d at 1287. Here, while the Appellant may have believed the information provided him by Worrell and Liciardello was true, he knew at the time he signed the warrant that he did not

personally participate in the surveillance of the DeLuca residence and, therefore, the statement in the warrant was false. As a seven-year veteran of the Philadelphia Police Department, he knew or should have known that executing an affidavit under oath that he knew at the time contained a material fact that was false constituted the crime of perjury. *See Commonwealth v. Hawkins,* 445 Pa. 279, 284 A.2d 730 (1971). *See also* Section 4902 of the Crimes Code, 18 Pa. C. S. §4902. Such conduct falls squarely within our *Geissler* decision and Appellant's dismissal must be upheld.

Appellant also contends that the penalty of discharge was harsh and excessive in light of his service record and the facts and circumstances of this case. The case law is well-established that once it has determined that a public employee has been removed for just cause, the court does not have the power to alter the decision of the appointing authority as to the disciplinary action involved. *Doerr v. Pennsylvania Liquor Control Board,* 88 Pa. Commonwealth Ct. 610, 491 A.2d 299 (1985), *petition for allowance of appeal denied,* No. 311 W.D. Allocatur Dkt. 1985 (Pa. filed December 10, 1985); *Hoffman v. Department of Health,* 73 Pa. Commonwealth Ct. 284, 458 A.2d 303 (1983); *Omelchenko v. Housing Authority of County of Lebanon,* 58 Pa. Commonwealth Ct. 494, 428 A.2d 274 (1981). Once this court determined that Appellant was properly dismissed for just cause, we were without power to modify the sanction imposed by the police department.

In view of the foregoing, we shall affirm the common pleas court's order dismissing Appellant's appeal.

ORDER

Now, June 19, 1987, the order of the Court of Common Pleas of Philadelphia County at Docket No. 777 April Term 1985, dated February 5, 1986, is hereby affirmed.

Judge COLINS did not participate in the decision in this case.

---

CONCURRING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I concur in the result only because I believe, under these circumstances, this Court is constrained to follow prior case law.

However, it is fundamentally unjust to place a policeman in the position of Officer Benvignati, who was on temporary assignment to the Organized Crime Unit and who was advised by regular officers of that unit that signing out a warrant in this manner was "standard operating procedure."

In a police force—which rightly places a premium on chain of command and obedience to superior officers—if a policeman does not follow orders, he faces mistreatment by those superiors and his colleagues. If he *does* obey an order and an error in the affidavit is discovered, it is he who takes the fall. This places officers such as Benvignati in completely untenable positions, forcing them to choose between the proverbial "rock and a hard place," knowing that their judgments, however faulty, may be second-guessed.