535 A.2d 266

Joseph M. McGlone, Appellant *v.* City of Philadelphia, Appellee.

Argued September 18, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Regina B. Guerin,* for appellant.

*Susan Shinkman,* Divisional Deputy City Solicitor, with her, *Valerie West,* Chief Assistant City Solicitor, for appellee.

OPINION BY JUDGE COLINS, December 29, 1987:

Joseph McGlone (appellant) appeals an order of the Court of Common Pleas of Philadelphia County which

affirmed the Civil Service Commission's (Commission) dismissal of appellant from the Philadelphia Police Department (Department). We reverse.

On January 6, 1984, James T. McFadden, Commanding Officer of the Sixth Police District, wrote a memorandum to the Police Personnel Office requesting that appellant be scheduled for a psychiatric evaluation. This request was based on the Commander's belief that appellant's actions and demeanor of the previous months had been erratic resulting in appellant's inability to interact with fellow officers. Appellant was notified by Leonard Leibowitz, the Police Department Personnel Officer, that his irrational behavior was the basis for the request of the examination. This request was eventually approved by the Police Commissioner. Appellant failed to appear as ordered for the scheduled January 20, 1984 examination.

Appellant believed that the ordered psychiatric evaluation was improper and not in accordance with Police Directive 109,[1] thus a violation of local agency law. A meeting between Department officials and appellant's counsel was arranged. The result of the meeting was a determination by Department officials that the deviation from the directive was *de minimis* and that the directive had not been violated. Appellant was then informed that the order was still in effect and he was expected to fully comply with such order. Appellant was removed from active duty and told not to report for duty without clearance from a city psychiatrist. As a result of this action, appellant was forced to exhaust his paid leave and then placed on leave of absence without pay. Furthermore, appellant was informed that if he wished to remain a police officer, he must request a formal

---

[1] Police Directive 109 contains the Department's guidelines in ordering psychiatric evaluations.

leave of absence. Notwithstanding this admonition appellant did not do so and, by not having psychiatric clearance, was dismissed from the force on January 19, 1984.

On January 9, 1985, the Commission denied appellant's appeal of his separation. The Court of Common Pleas of Philadelphia County affirmed the Commission in its October 16, 1985 order and opinion. This appeal follows.

In this opinion, we must decide whether a Philadelphia Police Department directive requiring mandatory psychiatric evaluations of police officers exhibiting erratic behavior patterns is violative of due process and, if not, has the directive been properly followed as to justify the dismissal of appellant.

Our scope of review is limited under Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). We must affirm the Commission's adjudication unless (1) appellant's constitutional rights had been violated; (2) there was noncompliance with the provisions of the Local Agency Law in the proceeding before the Commission; (3) an error of law was committed; or (4) necessary findings of the Commission are unsupported by substantial evidence. *Benvignati v. Civil Service Commission of Philadelphia,* 106 Pa. Commonwealth Ct. 643, 527 A.2d 1074 (1987).

Appellant initially argues that the Department did not have just cause to fire him where he refused to follow an improper order. 351 Pa. Code §7.7-303 provides that a Civil Service employee of the City of Philadelphia shall be dismissed only for just cause. In *Benvignati,* we stated:

What constitutes ample [just] cause for removal . . . must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause

should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service.

. . . All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned on its exercise in good faith and not as a screen for some reason not based upon the fitness of employe to fill the position.

*Id.* at 646, 527 A.2d at 1075, quoting *O'Gorman Appeal,* 409 Pa. 571, 576-77, 187 A.2d 581, 583-4 (1963).

The Commission found that appellant was not discharged for disciplinary reasons, rather his separation was due to his excessive leave and failing to apply for a formal leave of absence. This excessive absenteeism was precipitated by appellant's failure to report for the ordered psychiatric examination. This examination was ordered based on the appellant's actions, specifically, a failure to get a haircut when ordered, failing to wear gloves for parade duty as ordered, being eight blocks from his assigned beat, and constantly accusing his superiors of harassing him.

The Commission found that Commander McFadden acted properly within his discretion when he requested that appellant be psychiatrically evaluated. We agree that a commanding officer should have the authority to order a member of the police force to submit to a psychiatric exam based on just cause. The situation before us is not whether there was just cause for the order but whether the order was in compliance with Police Directive 109. Directive 109 provides that a police officer's commanding officer *shall* interview the employee and determine if a psychiatric evaluation is needed. If an

examination is needed, then it is to be ordered under an urgent or non-urgent basis. To be classified as an urgent case the actions of the employee must indicate imminent danger to himself or others. The record reflects that appellant's superiors never interviewed appellant prior to ordering the evaluation and did not feel this matter was an urgent case. Therefore, appellant was ordered to be evaluated as a non-urgent case. This allows the employee to seek psychiatric care on his own initiative and forward the results of this examination to the Department. If such care is not sought within ten days, then the Department can request an examination through the Police Personnel Office.

Appellant's situation is analogous to the situation in *Clites v. Township of Upper Yoder*, 506 Pa. 349, 485 A.2d 724 (1984), where it was held that a police officer may not be disciplined for violation of an official duty unless there is an established legal duty which has been violated. Additionally, in *Upper Yoder*, our Supreme Court stated that, "[i]n order for disobedience of orders to constitute the basis for disciplining a police officer, the orders which have been disobeyed must be reasonable. . . . This element of reasonableness is required in order to insulate police officers from the unreasonable requests of their supervisors . . . ." *Id.* at 356, 485 A.2d at 727. The Department denied the appellant the opportunity to first obtain an evaluation from his own psychiatrist. Since the Department did not follow the mandates of its own directives, then any subsequent action taken against appellant was incorrect. Turning to relevant parts of Directive 109, we see it contains the following mandatory language.

The employee's commanding officer *shall:*

1.  Interview the employee and all other persons involved.

2.  If it is determined that a psychiatric evaluation is needed, and depending on the urgency of

the individual case, select one of the following options:

. . .

b.   Non-urgent cases:

(1)   Have employee seek psychiatric care on his own initiative. Conduct a follow-up within ten days to ensure compliance. (Doctor's certificate will be required of the employee). If the employee is unwilling to comply with this suggestion, or follow-up reveals non-compliance then,

(2)   Request that an appointment for a psychiatric examination be arranged through Police Personnel Officer.

Appellant is, therefore, correct in his argument that the Department did not follow Directive 109. The Department argues that Inspector McFadden acted properly in requesting appellant to submit to an examination. This Court does not have any difficulty with the Department's ability to order such examinations. However, if the Department orders such an exam, it should be conducted in accordance with Department directives.

The Department argues that the deviation from Directive 109 was not material and that, in its interpretation, the directive was not violated. Generally, an agency's interpretation of its own regulations is entitled to great weight. *See Northwood Nursing and Convalescent Home, Inc. v. Department of Public Welfare*, 110 Pa. Commonwealth Ct. 40, 531 A.2d 873 (1987). The Department is incorrect, however, in stating that the directive was not violated. A non-urgent classification affords an individual the opportunity to first seek a private professional evaluation.

If the Department would have allowed appellant to see his own doctor and appellant failed to do so, then there would have been ample justification for appellant's

termination. We feel that the Department is no more free to ignore its directives which govern the police department than are persons sought to be governed. *SmithKline Beckman Corp. v. Commonwealth,* 85 Pa. Commonwealth Ct. 437, 482 A.2d 1344 (1984). Additionally, strict adherence to procedural requirements is mandated for disciplinary actions to be sustained. *Cosgrove v. Pennsylvania Liquor Control Board,* 43 Pa. Commonwealth Ct. 1, 401 A.2d 605 (1979).

The Home Rule Charter of Philadelphia (351 Pa. Code §7.7-2010) states, "[f]indings and decisions of the Commission . . . shall be final and there shall be no further appeal on the merits, but there may be an appeal to the courts on jurisdictional or procedural grounds." The Department's actions were procedurally infirm in that appellant was not afforded the opportunity granted by Directive 109.

In *DiVito v. Civil Service Commission of the City of Philadelphia,* 404 Pa. 354, 172 A.2d 161 (1961), it was held that a Philadelphia police officer's refusal to submit to a polygraph test did not constitute just cause for dismissal. To support this decision, the Court stated that nowhere in the Department regulations was there an authorization for such an order. In the instant matter, we have the mandatory language of Directive 109 cited above. Therefore, it stands to reason that if the Department is prohibited from ordering its officers to perform acts not specified in its own regulations, then the Department equally should not be permitted to deviate from the mandatory language of an established directive.

Therefore, since Directive 109 is one of the regulations of the Philadelphia Police Department, appellant was justified in refusing to obey the order. With this in mind, we must reverse the court of common pleas and reinstate appellant to the Philadelphia Police Depart-

ment. Before appellant is reinstated to active duty, he must receive psychiatric clearance. Since the Department stated this matter was non-urgent, appellant shall be given the opportunity to obtain an evaluation from a psychiatrist of his own choosing.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is hereby reversed.

ORDER

AND NOW, this 29th day of December, 1987, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

AMENDED ORDER

AND NOW, this 4th day of March, 1988, upon consideration of Appellant's Motion for Clarification, the following Amended Order is hereby entered in the above-captioned matter:

The Order of the Court of Common Pleas of Philadelphia County is hereby reversed and this matter shall be remanded to the Philadelphia Court of Common Pleas with directions that it be remanded to the Philadelphia Civil Service Commission to determine the amount of back pay and wages due appellant, pursuant to the previously issued opinion of this court.