633 A.2d 1321

CITY OF PHILADELPHIA, Appellant,

v.

FRATERNAL ORDER OF POLICE, LODGE NO. 5.

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided Nov. 10, 1993.

John C. Wright, Jr. and Willan F. Joseph, for appellant.

Michael R. Kopac, III, for appellee.

Before CRAIG, President Judge, SMITH, J.(P.) and KELTON, Senior Judge.

SMITH, Judge.

The City of Philadelphia (City) petitions for review of the August 13, 1992 order of the Court of Common Pleas of Philadelphia County denying the City's petition to vacate an arbitration award which sustained police officer Luis Lazarde's (Grievant) grievance filed upon his dismissal from employment with the City and converted Grievant's termination to a suspension. The issue presented for review is whether the trial court erred in affirming the arbitrator's award on the basis that the arbitrator did not exceed the bounds of his authority. In considering this issue, this Court must articulate the appropriate scope of review of the arbitrator's award in a grievance arbitration filed by Act 111[1] police personnel.

1. Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10.

## I.

From June 1986 until his discharge, Grievant was employed by the City as a police officer. In early 1989 Grievant received a suspension for failure to respond to a burglary and falsifying official police records. On November 12, 1989, Grievant participated in the arrest of two male suspects who were placed in the back of a police transport van, which started to make its way to a hospital to provide care for one of the suspects who was injured. At some point in its journey, Grievant radioed the van to meet him so that he could interrogate one of the men. According to the two officers in the van and the injured suspect, when Grievant met the van he opened the door and began cursing and beating the uninjured suspect, already subdued and handcuffed, causing him injury. The incident was not reported by the two officers in the van until they were called in by the police department's internal affairs office in January 1990. After subsequent investigation, the City discharged Grievant on April 25, 1991 for assaulting the suspect and for allegedly lying about finding drugs on a suspect.[2]

Pursuant to a collective bargaining agreement (Agreement) between the City and the Fraternal Order of Police (FOP), the FOP filed a grievance alleging that Grievant was discharged without just cause. The City and FOP were unable to resolve the grievance and proceeded to arbitration. The issue the City and FOP agreed to present to the arbitrator was whether the City had complied with the dismissal procedures pursuant to provisions incorporated by reference in the Agreement. Article XVII of the Agreement sets forth the discipline and discharge provisions, stating in part, "[n]o employee shall be disciplined or discharged except as is consistent with the Home Rule Charter and the regulations of the Civil Service Commission." Article XIX of the Agreement outlines an arbitrator's authority and states that an arbitrator "shall have

---

2. The record is not clear as to whether the suspect on whom drugs were allegedly found was one of the men involved in the November 12, 1989 incident.

no authority to add to, subtract from or in any way alter the terms" of the Agreement.

After hearings, the arbitrator issued his decision on June 10, 1992, which credited the testimony of the two officers and the other suspect in the van, and concluded that "Grievant engaged in unwarranted conduct that justified the imposition of disciplinary action." Arbitrator's Decision, p. 13. The arbitrator also noted that "[i]f, indeed, the Grievant engaged in the misconduct, as charged, then severe disciplinary action is appropriate." *Id.* at 11. Nevertheless, the arbitrator went on to consider whether the disciplinary action taken was warranted under all of the circumstances. In addition to considering Grievant's prior service record as a mitigating factor, the arbitrator determined that the City's inactivity for more than a year after the event warranted conversion of Grievant's termination to a suspension. The arbitrator opined, among other things, that the City's failure to act for over one year reflected some indecision by the Police Department to determine what discipline, if any, to impose. The arbitrator directed the City to reinstate Grievant to his former position with full seniority and benefits, but without back pay.

On appeal, the trial court applied the "narrow certiorari" scope of review of appeals from Act 111 grievance arbitration, and held that the potential legal error or question of law raised by the arbitrator's use of mitigating factors and procedural errors was outside of the court's narrow scope of review, and accordingly, such error of law by the arbitrator was not grounds for reversal of the arbitrator's award. The trial court affirmed the arbitrator and the City appealed to this Court.

## II.

Although the parties have addressed the matter at issue applying the narrow certiorari standard of review, a recent decision by this Court held that the proper scope of review of an arbitrator's award in cases of grievance arbitration involving Act 111 police personnel is the "essence test," specifically set forth in Section 7302(d) of the Uniform Arbitration Act, 42

Pa.C.S. § 7302(d). *See Pennsylvania State Police v. Pennsylvania State Troopers' Ass'n (Trooper James Betancourt)*, 159 Pa.Commonwealth Ct. 489, 633 A.2d 1278 (1993). Section 7302(d)(1), (2) provides that where a person is required to submit a controversy to arbitration, a court in reviewing the award shall "modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict."

Under the essence test, this Court is confined to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement. *Pennsylvania Liquor Control Board v. Independent State Stores Union*, 520 Pa. 266, 553 A.2d 948 (1989). An arbitrator's award is to be respected by the courts if it represents a reasonable interpretation of the labor agreement between the parties. *County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988). However, the Pennsylvania Supreme Court has adopted the caveat expressed in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), that an arbitrator is confined to the interpretation and application of the collective bargaining agreement and does not sit to dispense his or her own brand of industrial justice. *See Independent State Stores Union; Musser.* Subsumed within the essence test standard of review is the requirement that the arbitrator's interpretation of the agreement cannot be manifestly unreasonable. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 526 Pa. 301, 586 A.2d 355 (1991); *American Federation of State, County & Municipal Employees Local 2206 v. Borough of State College*, 133 Pa.Commonwealth Ct. 521, 578 A.2d 48 (1990).

### III.

Pursuant to the appropriate scope of review, this Court addresses the City's argument that the arbitrator exceeded the scope of his authority and that the trial court erred in affirming the arbitrator's award. The arbitrator concluded

that Grievant engaged in the unwarranted misconduct as charged and that severe disciplinary action was appropriate. However, the arbitrator considered the mitigating factors of the department's inactivity and Grievant's commendations in converting Grievant's termination into a suspension. Once it is established that the record reflects there was just cause for the action taken by a governmental agency, the inquiry must close and the action of the agency must be accepted. *Independent State Stores Union.* In other words, if just cause for the action was present, "any further effort on the part of the arbitrator to disturb the agency's action can not be said to flow from the essence of the bargaining agreement nor can it in any rational way be derived from that agreement." *Id.*, 520 Pa. at 274, 553 A.2d at 952.

In *Independent State Stores Union*, the Supreme Court determined that once an arbitrator concurred in the Liquor Control Board's findings that a dismissed employee committed the charged act of misappropriation of funds, that finding established just cause for dismissal so that the Board's action should have been sustained. The arbitrator's modification of the dismissal penalty on the mitigating circumstance that the employee's conduct was caused by mental illness could not be rationally derived from the collective bargaining agreement. In the matter sub judice, neither the Agreement nor the issue presented to the arbitrator by the parties provides authority for the arbitrator to modify the penalty imposed by the City.

The Philadelphia Home Rule Charter, 351 Pa.Code § 7.7-303, expressly incorporated by the Agreement, provides in part that dismissal of any employee shall be for just cause only. This Court has interpreted the just cause requirement of the Charter to mean that the cause should be personal to the employee which renders the employee unfit for the position occupied and makes dismissal justifiable and for the good of the service. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5 (Officer Thomas Murphy)*, 132 Pa.Commonwealth Ct. 352, 572 A.2d 1298 (1990), *appeal denied*, 527 Pa. 626, 592 A.2d 46 (1991). Thus, all that is required is that the cause for dismissal concerned the inefficiency, delinquen-

cy, or misconduct of the employee. *Id.* What constitutes just cause for removal "must necessarily be largely a matter of discretion on the part of the head of the department." *Benvignati v. Civil Service Comm'n,* 106 Pa.Commonwealth Ct. 643, 646, 527 A.2d 1074, 1075, *appeal denied,* 517 Pa. 600, 535 A.2d 1058 (1987). "Quite naturally, when one who is in a position of public trust knowingly and intentionally violates the law, such conduct is grounds for dismissal." *Id.,* 106 Pa.Commonwealth Ct. at 647, 527 A.2d at 1076.

Pursuant to the Agreement between the parties and the Home Rule Charter, the City fulfilled the just cause requirements for Grievant's dismissal. Furthermore, the arbitrator did not find that the City failed to comply with the dismissal procedures contained in the Agreement and in the Home Rule Charter. Instead, the arbitrator addressed an issue not presented to him: the purported mitigating factor of the City's alleged indecision over the degree of discipline to be imposed. As noted by the trial court, the arbitrator's consideration of "mitigating factors" amounted to an error of law. *See Independent State Stores Union.* Contrary to the trial court's conclusion that such an error of law by the arbitrator is not grounds for reversal, the essence test standard of review permits this Court to reverse on the basis of error of law. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5 (Officers Wilson & Grove),* 129 Pa.Commonwealth Ct. 392, 565 A.2d 1232 (1989).

Once the arbitrator found that Grievant committed the conduct charged, the question of appropriate discipline was a matter reserved to the employer. *See Musser* (arbitrator stepped beyond the bounds of his authority in modifying the employer's decision to dismiss prison employee who assaulted inmate); *Philadelphia Housing Authority v. Union of Security Officers # 1,* 500 Pa. 213, 455 A.2d 625 (1983) (arbitrator who found that a housing authority security officer committed criminal fraud against a tenant was without authority to reduce penalty); *Board of Education of the School District of Philadelphia v. Philadelphia Federation of Teachers, AFL–CIO,* 147 Pa.Commonwealth Ct. 15, 610 A.2d 506 (1992) (arbi-

trator exceeded scope of his authority by modifying penalty from discharge to suspension despite finding that employee committed improper conduct as charged by the school district).

Moreover, it is manifestly unreasonable to conclude that a public employer could have intended to bargain away its absolute responsibility to ensure the integrity of its agency. *ASFCME Local 2026.* A governmental agency does not have the freedom of a private enterprise to relinquish powers inherently essential to the proper discharge of its functions. *Independent State Stores Union.* Correspondingly, in light of the higher standard of conduct imposed upon police officers, *see Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959) and *ASFCME Local 2026,* the power of the police department of the City of Philadelphia to discharge any employee who is proven to have engaged in misconduct such as that demonstrated here is one presumptively retained by the City in the absence of any provision in the Agreement to the contrary. Given the Court's decision, the City's public policy arguments need not be reached.

Accordingly, the trial court's order is reversed, the arbitrator's award is vacated, and Grievant's discharge is reinstated.

## ORDER

AND NOW, this 10th day of November, 1993, the August 13, 1992 order of the Court of Common Pleas of Philadelphia is reversed, the arbitrator's award is vacated, and the discharge of Police Officer Luis Lazarde by the City of Philadelphia is reinstated.