## Shelton DAVIS

v.

## CIVIL SERVICE COMMISSION OF THE CITY OF PHILADELPHIA.

### Appeal of City of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued March 3, 2003.
Decided April 7, 2003.

Elise Bruhl, Philadelphia, for appellant.

Robert F. Henninger, Philadelphia, for appellee.

Before SMITH–RIBNER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The City of Philadelphia (City) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) that reversed the Civil Service Commission of the City of Philadelphia's (Commission) decision upholding the Water Department's (Department) dismissal of Shelton Davis (Davis). We reverse, thereby justifying dismissal.

The assigned cause of dismissal was:

On September 14, 2000, during working hours, while wearing a Water Department uniform and in possession of a Water Department vehicle you traveled to a retail facility where you attempted to steal merchandise and were arrested for retail theft. Moreover, on October 23, 2000, during the course of a Water Department pre-disciplinary hearing you repeatedly misrepresented the facts of this matter.

City of Philadelphia, Notice of Dismissal, Reproduced Record (R.R.) at 8.

Davis appealed the Department's decision to the Commission. The Commission reviewed the events of the Department's investigation as related by Francis Meiers (Meiers), the Department's Assistant Personnel Officer, and by Carl Christensen (Christensen), an investigator for the Department. Meiers testified about his interview with Davis at the pre-disciplinary hearing. At that time, Davis told Meiers that he was not charged with any crime; that the security guard at the store did not like him and set him up, and that the matter was dropped. Davis also denied that he entered into the rehabilitation diversionary program (ARD). R.R. at 38.

Christensen testified that he interviewed a number of Best Buy employees who stated that Davis had been to the store several times during working hours, and parked his Department car behind the store where it could not be seen.[1] Christensen also obtained a copy of the store security videotape and submitted it to the Commission. Although Christensen found no record of Davis' arrest, after continued investigation he located a copy of the police report of the incident at Best Buys and provided that to the Commission. Christensen also told the Commission of his conversation with City detectives connected with the case, who advised him that Davis was going to participate in the ARD program.

The Commission's decision outlined the following stipulated facts. During his work hours, while wearing a Water Department uniform and in possession of a Water Department vehicle, Davis was apprehended inside the Best Buys Store in northeast Philadelphia and charged with retail theft (shoplifting). A store security

---

1. Davis' counsel objected to Christenson's relating what store employees said. Counsel was afforded a continuing hearsay objection. The Commission overruled the objection and admitted the testimony.

videotape captured Davis, wearing his Water Department uniform, surreptitiously removing DVD discs from a counter and concealing them on his person. As he was leaving the store, he was stopped by security officers who found a few discs, valued at approximately $20–$25 dollars each. The Philadelphia Police placed Davis under arrest. Davis entered an ARD program which was offered to first-time summary offenders. Under ARD, if an individual successfully completes the program, the charges for which he or she was arrested are dropped by the prosecutor and the arrest record is expunged. R.R. at 9–10.

Accepting Meiers' testimony about Davis' denials at the pre-disciplinary hearing, the Commission noted that Davis was claiming to be innocent and was not accepting responsibility for what occurred. Davis' denials were contrasted with what the videotape showed and what the Department's investigation disclosed. The Commission concluded that Davis should be dismissed, notwithstanding his many prior years of satisfactory employment. R.R. at 10.

The Commission explained the rationale for its decision:

> We will not second-guess the decision of management in this case. They have determined that [Davis'] actions/conduct demonstrated that he had little or no regard for his employment. We note that this was not a one-time incident. Appellant was a regular patron at the store, during work hours, in uniform, with the Department's vehicle parked behind the building. The video revealed a deliberate plan or process to avoid detection when removing the articles in question. [Davis'] actions brought discredit upon the Department and his co-workers. [Davis] was a supervisor and a long-term employee. There is no ex-

cuse for his conduct and the Department acted with just cause.

R.R. at 10.

Davis appealed the Commission's dismissal to the trial court. Concluding that dismissal violated the intent and purpose of the ARD, the trial court reversed. Tr. Ct. Op. at 4–5. The trial court ordered Davis "reinstated, without back pay, to a position, not necessarily that which he previously held, at the discretion of the Water Department and also complete a 6 month probation." Tr. Ct. Op. at 4. The City appealed the trial court's reversal to this Court.

■ The City disputes the basis of the trial court's decision. The City contends Davis' dismissal was not contrary to the policy of the ARD program. The City asserts ARD has no impact on employment matters, but is merely a pretrial disposition of criminal cases. We agree.

■ In the context of an employment case, entry, completion or even acquittal of the underlying criminal case is not relevant to employee discipline. Rather, the Commission looks to the conduct that resulted in the dismissal to determine just cause. *Benvignati v. Civil Service Comm'n*, 106 Pa.Cmwlth. 643, 527 A.2d 1074 (1987) (police officer executing a false affidavit charged with perjury was dismissed from police force even though officer completed ARD and perjury charge was withdrawn); *York Township Bd. of Comm'rs v. Batty*, 694 A.2d 395 (Pa. Cmwlth.1997) (upholding police officer's discharge after DUI arrest); *Pa. Game Comm'n v. State Civil Service Comm'n (Toth)*, 561 Pa. 19, 747 A.2d 887 (2000) (employee charged with crime, accepted into ARD, still dismissed; reviewing court looked to employee conduct to determine just cause for dismissal).

■ Just cause is "largely a matter of discretion on the part of the head of the department." *Richter v. Civil Service Comm'n*, 35 Pa.Cmwlth. 310, 387 A.2d 131, 133 (1978), quoting *O'Gorman's Appeal*, 409 Pa. 571, 187 A.2d 581 (1963). Just cause for dismissal must be related to the inefficiency, delinquency, or misconduct of that employee. *Pinkney v. Civil Service Comm'n*, 688 A.2d 1252 (Pa.Cmwlth.1997). Even a single instance of misconduct or an error of judgment can constitute just cause for dismissal if it adversely reflects on the fitness of a person for his duties. *Williams v. Civil Service Comm'n*, 457 Pa. 470, 327 A.2d 70 (1974) (just cause to dismiss where one negligent incident resulted in escape of four boys from a detention center).

■ Davis' stipulated conduct constitutes just cause to dismiss him. The Notice of Dismissal listed two reasons for the dismissal: a) that he was attempting to steal merchandise at a retail store while driving a City car and wearing a City uniform and was arrested for shoplifting; and, b) Davis lied about the facts of those events at a Department hearing. R.R. at 38–42. As to the first reason for dismissal, Davis admitted committing an act reflecting dishonesty. As to the second reason, the Commission apparently found Davis' statements at his pre-disciplinary hearing were dishonest. Repeated dishonesty, coupled with discredit to the Department and co-workers, is more than sufficient to constitute just cause for dismissal. No error is evident in this conclusion.

■ A court's review of a municipal civil service commission is limited. Where a full and complete record is made of the proceedings before a municipal civil service commission, a reviewing court must affirm the adjudication unless it is in violation of the constitutional rights of the appellant or not in accordance with law, the procedural provisions of the local agency law are violated or a finding of fact of the commission necessary to support its adjudication is not supported by substantial evidence. Section 754 of the Administrative Agency Law, 2 Pa.C.S. § 754; *Tegzes v. Township of Bristol*, 504 Pa. 304, 472 A.2d 1386 (1984).

■ The trial court erred by making its own factual findings and credibility determinations. Such findings and determinations exceeded its limited review. *Moorehead v. Civil Service Comm'n of Allegheny County*, 769 A.2d 1233, 1238 (Pa.Cmwlth.2001) (when acting as a reviewing court, a court of common pleas has a "narrow scope of review of a civil service commission decision"). Faced with the record before it, a trial court cannot substitute its judgment for that of the Commission or make its own factual findings. *Civil Service Comm'n v. Poles*, 132 Pa. Cmwlth. 593, 573 A.2d 1169 (1990) (agreeing with Commission that trial court exceeded its scope of review by making its own findings as to whether correctional officer was negligent).

The trial court found Davis was dismissed for a single reason: he denied his misconduct. In making that finding, the trial court determined Davis relied on the ARD program's promise that his record would be expunged, but the Department's decision penalized Davis for that reliance. The trial court noted " 'laypeople' who complete the ARD program routinely deny, as did Mr. Davis, that they were ever arrested based on the fact that their records were expunged." Trial Ct. Op. at 5.

The action of the trial court lacks support in the record and in the law. First, the record previously referenced established that Davis was dismissed not for a single reason but for two reasons: stealing

and lying. Second, the record simply does not support the trial court's finding of routine denial of arrest by those who complete ARD. Third, the trial court exceeded its limited review by re-evaluating the credibility of Davis' denials. *Moorehead* (a reviewing court will examine, but not re-weigh the evidence, since the Commission, as fact finding tribunal, is in a better position to discover the facts based upon the testimony and demeanor of the witnesses). At the very least, Davis' denials were circumstances which, when coupled with his admitted theft, could support an inference of a course of dishonest conduct.[2]

▮▮▮ Nor does the erroneous receipt of hearsay evidence by the Commission require a different result. The Commission's finding that the event was not a one-time incident and that Davis was a regular store patron was based on hearsay statements by Best Buy employees given to and reported by the Department's investigator, Christensen. Properly objected to hearsay evidence is not competent, in and of itself, to support a finding in an administrative hearing. *DiSalvatore v. Mun. Police Officers' Comm'n*, 753 A.2d 309 (Pa. Cmwlth.2000). However, in order for the trial court not to affirm, the finding of fact must be unsupported and necessary to the adjudication; an unsupported finding of fact which is not necessary to the adjudica-

tion merely constitutes harmless error. *Monaghan v. Bd. of Sch. Directors*, 152 Pa.Cmwlth. 348, 618 A.2d 1239, 1243 (1992); *see* 2 Pa.C.S. § 754(b) (the reviewing court shall affirm the adjudication unless, among other reasons, any finding of fact necessary to support the adjudication is not supported by substantial evidence). Here, whether or not Davis was a regular patron of the store, he was arrested for and ultimately admitted to retail theft on September 14, 2000. R.R. at 21. The finding based on challenged hearsay is unnecessary, and its receipt constitutes harmless error. All other findings are based on Davis' stipulations, R.R. at 9–10, 63, 71, on the videotape,[3] or on Meiers' testimony. Thus, all necessary findings are based on substantial evidence.

For these reasons, we reverse the decision of the trial court.

### *ORDER*

AND NOW, this 7th day of April, 2003, the decision of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

---

2. We note the trial court also ruled on issues that were not first raised before the Commission and, thus, not properly before it. In his appeal to the trial court, Davis alleged only that the Commission had inappropriately relied on Christensen's testimony about Davis' prior visits to Best Buys. R.R. at 74–75. Davis did not challenge the Commission's reliance on Christensen's testimony about Christensen's conversations with police detectives, the police report of Davis' arrest, or the store security video. *Riedel v. Human Relations Comm'n of Reading*, 559 Pa. 34, 739 A.2d 121 (1999) (Commonwealth Court improperly reversed trial court on basis of a

waived issue raised on its own by Commonwealth Court); *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987) (Workers' Comp. Bd. could not consider issue not first brought before initial factfinder).

3. The store security videotape was authenticated, R.R. at 23–24, 26, 27. The videotape was properly received over relevance objections. R.R. at 21, 22–23. Contrary to the trial court's suggestion, the videotape is not hearsay because nonverbal conduct of a person is only hearsay if it is intended by the person as an assertion. Pa. R.E. 801(a)(2).